KATHRYN PHILLIPS, by her Next Friend, W. R. PHILLIPS v
PEPSI-COLA BOTTLING COMPANY and ED OWENS.

(Filed 18 April, 1962.)

**1. Negligence § 5—**

The doctrine of *res ipsa loquitur* applies only when there is an injury
which ordinarily does not occur without negligence on someone's part,
and the instrumentality causing the injury is under the exclusive con-
trol of defendant.

**2. Negligence § 21—**

There is no presumption of negligence from the mere fact of accident
and injury.

**3. Food §§ 1, 2—**

*Res ispa loquitur* does not apply to the falling of a bottled drink from
a cardboard container while being carried by the purchaser from the
retailer's store to the purchaser's home.

**4. Evidence § 3—**

It is a matter of common knowledge that bottled carbonated drinks
are frequently put in paper cardboard containers for the convenience of
purchasers in carrying them from the retailer's store.

**5. Food §§ 1, 2—**

The fact that while the purchaser was carrying a cardboard carton
containing bottled drinks from the retailer's store to her home, one of
the bottles fell to the sidewalk and broke or exploded, resulting in a
piece of the glass cutting plaintiff's leg, *is held* insufficient to make out
a case against the retailer or manufacturer for breach of implied war-
ranty that the cardboard container was reasonably fit for its purpose,
there being no evidence of any defect in the carton or that its bottom was
rotten, or, if rotten, why it was in that condition.

APPEAL by plaintiff from *Fountain, S.J.,* November 27, 1961 Term
of PERSON.

Plaintiff for a cause of action alleges: Corporate defendant manu-
factures and sells to merchants for resale Pepsi-Cola, a bottled drink.
It supplies the merchants with cartons which their customers can use
in transporting the bottled drink. The cartons have a handle at the
top and space for six bottles. Plaintiff purchased from defendant
Owens, a retail merchant supplied by his codefendant, six bottles
of Pepsi-Cola. Shortly after she left the store, one bottle suddenly fell
through the bottom of the container, striking the pavement, and ex-
ploded. Her leg was cut by a fragment of this bottle. Defendants, by
selling said cartons of Pepsi-Cola, represented to the public that the
same were in good condition, free from defect, and safe to carry by
the handle. Notwithstanding such representations, defendants negli-

gently sold the carton of Pepsi-Cola "with a defective, poorly constructed and rotten bottom in said container." Defendants knew, or, in the exercise of due care, should have known, that the container was defective.

Defendants, by separate answers, denied negligence or warranty with respect to the condition of the carton used by plaintiff, specifically denying they furnished plaintiff with the carton from which the bottle fell.

At the conclusion of the evidence, defendants' motions for nonsuit were allowed. Plaintiff appealed.

*R. B. Dawes and James E. Ramsey for plaintiff appellant.*

*Reade, Fuller, Newsom & Graham, by A. H. Graham, Jr. and Josiah S. Murray, III for Bottling Company, and Charles B. Wood for Ed Owens.*

Rodman, J. Plaintiff testified: "I bought six Pepsi-Colas and they were in a Pepsi-Cola carton which had a handle on it." We treat this as meaning the bottled drinks were in the carton when the purchase was made, notwithstanding the testimony of plaintiff's adult companion: "I am not sure whether Mr. Owens gave them a carton."

Plaintiff testified: "I carried the Pepsi-Cola in my right hand and carried ice cream in a paper bag in my other hand. I was carrying the carton by its handle. I walked out of the store and down in front of Mr. Mundy's store, then I heard something like a shot and then I felt a pain in my leg . . ." Mundy's store is only a short distance from the store of Owens. Mundy testified: "Just as she got in front of my store, a bottle dropped out of the carton like a shot and exploded."

The complaint is seemingly bottomed on the theory that defendants have negligently failed to perform a duty owing to plaintiff. Manifestly plaintiff's testimony is insufficient to establish negligence unless the mere fall of the bottle from the container brings into play the doctrine of *res ipsa loquitur,* imposing on defendants the duty of explaining how and why the bottle fell. "For the doctrine to apply the plaintiff must prove (1) that there was an injury, (2) that the occurrence causing the injury is one which ordinarily doesn't happen without negligence on someone's part, (3) that the instrumentality which caused the injury was under the exclusive control and management of the defendant." *Jackson v. Gin Co.,* 255 N.C. 194, 120 S.E. 2d 540. "There is no presumption of negligence from the mere fact that there has been an accident and an injury." *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610. The breaking or explosion of a bottled drink in the possession of the injured party is not sufficient to create a *prima facie* case of

negligence. *Styers v. Bottling Co.,* 239 N.C. 504, 80 S.E. 2d 253; *Enloe v. Bottling Co.,* 208 N.C. 305, 180 S.E. 582; *Lamb v. Boyles,* 192 N.C. 542, 135 S.E. 464; *Dail v. Taylor,* 151 N.C. 284, 66 S.E. 135.

Plaintiff argues here that she is entitled to recover from the defendants upon an implied warranty that the carton which she used to transport the bottled drinks was in fact fit for that purpose. There is no evidence as to the kind of container. Was it metal or wood or paper? It is common knowledge that bottled drinks of the kind purchased by plaintiff are frequently put in paper or cardboard containers for convenience in transportation. If it be assumed that the container which plaintiff used was of that character, the evidence is still devoid of any explanation as to why the bottle fell. True, plaintiff alleges that it fell because of a "rotten bottom." But there is nothing to establish that fact, nor is there anything to explain why the bottom, if rotten, was in that condition. There is evidence by one of plaintiff's witnesses that the bottled drinks were taken from an icebox and put in the container.

The fact that a bottle fell to the pavement from a container which plaintiff was handling is no more sufficient to establish breach of a warranty as to the condition of the container than it is to establish negligence in the manufacture. *Prince v. Smith,* 254 N.C. 768, 119 S.E. 2d 923.

Affirmed.