ALLEN D. JONES v. SATTERFIELD DEVELOPMENT COMPANY AND BILLY R. SATTERFIELD

No. 7221SC576

(Filed 20 September 1972)

1. **Rules of Civil Procedure § 12— failure to state claim for relief — motion to dismiss made on appeal**

    A motion to dismiss an action for failure to state a claim upon which relief can be granted may not be raised for the first time on appeal.

2. **Trial § 21— directed verdict — consideration of evidence**

    In ruling on defendant's motion for directed verdict, the trial court must take all plaintiff's evidence as true and must consider it in the light most favorable to him, giving to plaintiff the benefit of all reasonable inferences and resolving all inconsistencies in his favor.

3. **Negligence § 30— sufficiency of plaintiff's evidence to withstand motions for directed verdict, judgment NOV and to set judgment aside**

    In an action for personal injuries sustained when plaintiff fell on an approach lane in defendant's bowling alley, the trial court

Jones v. Development Co.

properly denied defendant's motions for directed verdict, for judgment NOV, and to set the judgment aside where the facts were in dispute in that plaintiff contended that defendant was negligent in allowing a foreign substance to remain on the approach lane after its presence was reported and that such negligence proximately caused plaintiff's injury, while defendant denied the presence of the foreign substance and said that if its presence was reported, it was removed immediately.

**4. Trial § 33— jury charge — no prejudicial error**

Where the jury charge considered as a whole presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed, an exception will not be sustained for that the instruction might have been better stated, hence, the trial court's charge failing to limit the jury determination of negligence to the absence or presence of oil on an approach lane of defendant's bowling alley, though semantically incorrect, did not constitute prejudicial error.

**5. Damages § 3— permanent disability as element of damages — sufficiency of evidence to require instruction**

Where there is evidence from which a conclusion of permanent injury proximately resulting from the wrongful act may properly be drawn, the court should instruct the jury so as to permit its inclusion in an award of damages; therefore, the trial court properly permitted the jury to consider permanent disability on the issue of damages where plaintiff's evidence tended to show that his leg was one-half inch shorter as a result of his injury, despite the fact that there was opinion testimony that the shortening should be neither disabling nor inconveniencing.

APPEAL by the individual defendant from *Long, Judge,* at the January 1972 Civil Session of FORSYTH Superior Court.

Plaintiff instituted this civil action against the corporate defendant to recover for personal injuries sustained when he slipped and fell on an approach to a lane in defendant's bowling alley. The individual defendant (herein referred to as defendant) was made a party later.

The evidence for plaintiff tended to show:

On 16 September 1967 at about 1:30 p.m., plaintiff, a young Navy man home on weekend liberty, took his sister and her friend to defendant's bowling lanes in Statesville, N. C., for the purpose of bowling. Plaintiff, an experienced bowler, was to bowl first because the girls knew little about the game. After picking up his ball and stepping on the approach on

lane 10, plaintiff pursued his normal bowling procedure and released the ball at the same time he began his slide. After releasing the ball, plaintiff hit a wet substance on the floor approximately 18 inches from the foul line which caused him to lose his balance. In attempting to regain his balance, plaintiff slipped and fell sustaining a fracture to the femur of his right leg. Plaintiff saw no foreign substance on the approach area before nor after his fall.

Plaintiff had previously (on 26 December 1966) sustained a fracture to the femur of his right leg in the same general area as the fracture herein complained of. He was released from hospitalization resulting from the first fracture six to eight weeks prior to the time he sustained the second fracture. Subsequent to the convalescence period after the second fracture, a military review board certified that plaintiff was fit to return to full military duty and upon his discharge from the Navy in 1969, plaintiff worked full time as a dock worker, a fork lift operator and as a welder and at the time of trial maintained a stand-up job. He testified that his leg still bothers him; at the end of an 8-hour work day, he limps and suffers dull aches.

Dr. T. V. Goode, III, who treated plaintiff for the fracture complained of, testified, among other things, that plaintiff's injury is termed a "comminuted fracture," meaning broken into several pieces or fragments which is often impossible to heal without overlapping with some resultant shortening of the limb; that plaintiff had less than one-half inch shortening; and that in his opinion up to one-half inch shortening is neither disabling nor inconveniencing.

On the morning of 16 September 1967 Mr. Harry Fortner, Secretary of the Bowling Association, accompanied by his wife, inspected defendant's lanes. The Fortners found drops of oil on the approach area of four or five lanes including lane 10. They reported this finding to the manager at approximately 10:30 a.m. and again before noon upon completion of the inspection. The lanes are regularly treated with oil but excess oil must be removed by the use of a linter duster to prevent bowlers from sliding and falling on it. Mr. Fortner found footprints where oil was tracked from the lanes onto the approaches.

---

---

The defendant's evidence tended to show:

On 16 September 1967 Pla-Mor Lanes was owned by Billy Satterfield and managed by Mr. Shadroui. On the afternoon of 15 September 1967, the lanes were lightly coated with oil to lubricate the lacquer and all the lanes were used that night. On the morning of 16 September 1967 the janitor ran a mop over the approaches to remove any foreign substance that might be there. The lanes were not given another oil coating prior to plaintiff's accident.

Plaintiff told Mr. Shadroui, "You know I shouldn't be bowling. I'm still under doctor's orders from an accident that I had." Mr. Shadroui advised plaintiff not to bowl.

The manager had no recollection as to whether the Fortners inspected the lanes on 16 September 1967 and did not recall anything about being told that oil was on the approaches.

At the conclusion of all evidence, defendants moved pursuant to G.S. 1A-1, Rule 50, for directed verdict on grounds that plaintiff had failed to show actionable negligence and that plaintiff's evidence showed contributory negligence as a matter of law. The motion was allowed as to the corporate defendant but denied as to the individual defendant.

The jury answered issues of negligence, contributory negligence and damage in plaintiff's favor and awarded him the sum of thirty thousand dollars. Plaintiff agreed to remit from the jury verdict the sum of twenty thousand dollars and from judgment against the individual defendant for ten thousand dollars, he appealed.

*Billings and Graham by Donald R. Billings for defendant appellant.*

*White & Crumpler by James G. White and Michael J. Lewis for plaintiff appellee.*

BRITT, Judge.

[1] Defendant's first assignment of error is addressed to the pleadings. Defendant contends that since the original complaint served in this action named only Satterfield Development Company as defendant and no new complaint or amendment was filed after Billy R. Satterfield was made a party defendant, that the complaint as originally filed fails to state

a claim upon which relief can be granted against the individual defendant and since the trial court dismissed the action as to the corporate defendant, the entire action should now be dismissed. Defendant moves this court to dismiss the action under G.S. 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The record does not show that a Rule 12(b)(6) motion was made by the individual defendant at trial.

The question of whether a motion to dismiss an action for failure to state a claim upon which relief can be granted can for the first time be raised on appeal was answered in the negative by Morris, Judge, speaking for this court in the recent case of *Dale v. Lattimore,* 12 N.C. App. 348, 183 S.E. 2d 417 (1971), cert. den. 279 N.C. 619, 184 S.E. 2d 113. No useful purpose would be served by repeating what was said there. The assignment of error is overruled.

[2] Defendant next assigns as error the failure of the trial judge to direct a verdict for defendant at the conclusion of all the evidence for that plaintiff failed to show actionable negligence, and failure to enter judgment for the defendant notwithstanding the verdict or to set the verdict aside.

In deciding whether a plaintiff's evidence is sufficient to withstand a defendant's motion for a directed verdict in a jury case, both the trial and appellate courts must adhere to the same principles that governed under our former procedure with regard to sufficiency of evidence to withstand a motion for nonsuit under former G.S. 1-183. *Pergerson v. Williams,* 9 N.C. App. 512, 176 S.E. 2d 885 (1970); *Sawyer v. Shackleford,* 8 N.C. App. 631, 175 S.E. 2d 305 (1970); *Musgrave v. Savings & Loan Assoc.,* 8 N.C. App. 385, 174 S.E. 2d 820 (1970). All of plaintiff's evidence must be taken as true and considered in the light most favorable to him giving to plaintiff the benefit of all reasonable inferences and resolving all inconsistencies in his favor. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969); *Pergerson v. Williams, supra.*

The issue submitted by this assignment of error is whether plaintiff's evidence in this case, when considered in the light most favorable to plaintiff, is sufficient to support the jury finding. We agree with the trial judge that it is.

**[3]**　Plaintiff introduced evidence which, if believed, tended to show that a foreign substance, oil, was present on the approach area of the lane on which plaintiff tried to bowl, that the presence of this foreign substance was reported to defendant's manager prior to the time plaintiff arrived to bowl, and that plaintiff without knowledge of its presence slipped and fell on this slippery substance sustaining personal injury. Considered in the light most favorable to plaintiff, the evidence tended to establish negligence on the part of the defendant with injury to plaintiff proximately resulting therefrom. "Where the slippery substance is placed on or negligently applied to the floor by the proprietor or his servants or employees, the proprietor is liable if injury to an invitee proximately results." *Forrest v. Kress & Co.,* 1 N.C. App. 305, 308, 161 S.E. 2d 225, 227 (1968). Further, defendant denied the presence of a foreign substance on the approach area and said that if the presence of oil was reported, it was removed immediately. The facts were in dispute and as Sharp, Justice, said in *Cutts v. Casey,* 278 N.C. 390, 418, 180 S.E. 2d 297, 312 (1971) : " 'A verdict may never be directed when the facts are in dispute. The judge may direct a verdict only when the issue submitted presents a question of law based on admitted facts.' "

We hold that the trial court did not err in denying defendant's motions for directed verdict, for judgment n.o.v., and to set the verdict aside. G.S. 1A-1, Rule 50.

**[4]**　Defendant's third assignment of error relates to that portion of the trial judge's instruction to the jury that charged as follows :

"So now, members of the jury, as to this first issue, I instruct you that if you find from the evidence and by its greater weight that the defendant, Billy Satterfield, or his agent or employee, negligently created a dangerous condition on the player approach to bowling alley lane No. 10 by putting oil or *some other slippery substance* there when he knew, or should have known, a bowler was likely to go there and to slip on it, or if you find by the greater weight of the evidence that a *foreign substance* was on the floor at this place where the plaintiff was injured . . . . " (Emphasis added.)

Defendant contends that the trial court failed to declare and explain the law arising on the evidence in conformity with

G.S. 1A-1, Rule 51(a), by failing to limit the jury determination of negligence to the absence or presence of *oil* on the approach.

Here, plaintiff was an invitee of defendant—an invitee being a person who goes upon premises for the mutual benefit of himself and the possessor. 6 Strong, N. C. Index 2d, Negligence, § 52; *Pafford v. Constr. Co.*, 217 N.C. 730, 9 S.E. 2d 408 (1940); *Quinn v. Supermarket, Inc.*, 6 N.C. App. 696, 171 S.E. 2d 70 (1969). The fact that plaintiff was an invitee did not make defendant an insurer of his safety while he was a customer on the premises; defendant is liable to plaintiff only for injuries sustained as a result of defendant's actionable negligence. *Farmer v. Drug Corp.*, 7 N.C. App. 538, 173 S.E. 2d 64 (1970).

Since plaintiff was an invitee, it was defendant's duty to exercise ordinary care to maintain the premises intended for plaintiff's use in a reasonably safe condition and thus not expose him unnecessarily to danger; and, further, to warn plaintiff of hidden defects and dangers of which defendant had knowledge, or in the exercise of reasonable diligence in supervision and inspection should have had knowledge and of which plaintiff did not have knowledge. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E. 2d 483 (1967); *Wegner v. Delicatessen*, 270 N.C. 62, 153 S.E. 2d 804 (1967); *Routh v. Hudson-Belk Co.*, 263 N.C. 112, 139 S.E. 2d 1 (1964); *Sanders v. Anchor Co.*, 12 N.C. App. 362, 183 S.E. 2d 312 (1971); *Farmer v. Drug Corp., supra; Quinn v. Supermarket, Inc., supra.*

Certainly, defendant would be liable to plaintiff as an invitee should plaintiff be injured due to the presence of any foreign substance on the approach of which defendant had knowledge or which defendant through the exercise of reasonable diligence should have had knowledge and of which plaintiff did not have knowledge. Although there was direct testimony that oil was found on the approach on which plaintiff was injured, plaintiff himself did not limit the substance upon which he slipped to oil but testified that he hit a "wet" or "slick" substance. Therefore, we believe that while the trial judge erred, semantically speaking, by instructing the jury that they might consider oil or "some other slippery substance," that the error was not prejudicial to defendant.

It is well settled that the jury charge must be considered contextually as a whole, and when so considered if it presents

the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed, we will not sustain an exception for that the instruction might have been better stated. 7 Strong, N.C. Index 2d, Trial, § 33; *Gregory v. Lynch,* 271 N.C. 198, 155 S.E. 2d 488 (1967). The assignment of error is overruled.

[5] In his next assignment of error defendant contends that although the medical testimony showed plaintiff's leg to be approximately one-half inch shorter as a result of his injury, that in light of Dr. Goode's testimony that in his opinion this shortening should not be either disabling or inconveniencing to plaintiff, the judge was not justified in permitting the jury to consider permanent disability on the issue of damages.

Several courts have either termed the shortening of a leg a permanent injury or stated that evidence of the shortening of a leg would justify a jury determination of permanent injury. See *Teesdale v. Anschutz Drilling Company,* 138 Mont. 427, 357 P. 2d 4 (1960), leg shortened two inches; *Peagler v. Atlantic Coast Line Railroad Company,* 234 S.C. 140, 107 S.E. 2d 15 (1959), leg shortened two inches; *New York Life Insurance Co. v. Williamson,* 53 Ga. App. 28, 184 S.E. 755 (1936), leg shortened; *Heil v. Seidel,* 249 Ky. 314, 60 S.W. 2d 626 (1933), leg shortened one-half inch; *O'Dell v. James Stewart & Co.,* 96 Neb. 147, 147 N.W. 121 (1914), leg shortened three-fourths inch.

Our Supreme Court has held that where there is evidence from which a conclusion of permanent injury proximately resulting from the wrongful act may properly be drawn, the court should instruct the jury so as to permit its inclusion in an award of damages. *Short v. Chapman,* 261 N.C. 674, 682, 136 S.E. 2d 40, 46 (1964). We hold that the instruction was proper in this case.

We have considered defendant's other assignments of error and find them to be without merit.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.