BETTY H. SMITH, PLAINTIFF v. MILLIE BARBOUR GARRETT, ADMINISTRATRIX OF THE ESTATE OF ROBERT LOUIS GARRETT, DEFENDANT AND THIRD-PARTY PLAINTIFF v. JUANITA SMITH BURNS, THIRD-PARTY DEFENDANT

JUANITA SMITH BURNS, PLAINTIFF v. MILLIE BARBOUR GARRETT, ADMINISTRATRIX OF THE ESTATE OF ROBERT LOUIS GARRETT, DEFENDANT

No. 7614SC533

(Filed 5 January 1977) ·

1. **Automobiles § 72— sudden incapacitation of driver — burden of proof — directed verdict improper**

In an action to recover damages arising from an automobile collision, the trial court erred in granting defendant's motion for a directed verdict where plaintiffs presented evidence that established a *prima facie* case of negligence on the part of defendant's intestate; defendant countered with testimony aimed at establishing the affirmative defense of sudden incapacitation; such testimony consisted of defendant's (the deceased driver's wife) statements; the credibility of this witness was for the jury; and a question of fact as to when deceased driver had his heart seizure arose from the evidence.

2. **Automobiles § 72— sudden emergency — behavior of driver confronted with — sufficiency of evidence of negligence**

In an action for damages arising out of an automobile accident where defendant instituted a third-party action against an alleged joint tort-feasor, the trial court erred in directing verdict for the third-party defendant where there was evidence from which the jury could conclude that prior to impact the third-party defendant saw the third-party plaintiff's car weaving but failed to take action to avoid the collision, and that after impact the third-party defendant, by failing to brake or otherwise control her car, did not exercise the reasonable care of an ordinarily prudent person under similar circumstances.

APPEAL by plaintiffs and third-party plaintiff from *Preston, Judge.* Judgment entered 14 November 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 17 November 1976.

These are two civil actions to recover for personal injuries resulting from one automobile collision. One action was instituted by Juanita Smith Burns, the driver of one car, against the estate of Robert Louis Garrett, the driver of the second car. The second action, filed simultaneously with the first, was brought by Betty H. Smith, a passenger in the Burns car, against the estate of Garrett. In the Smith (passenger) action the administratrix of the Garrett estate brought a third-party action against Burns alleging concurrent negligence on the part of Burns and therefore entitlement to contribution.

Plaintiffs' evidence tended to show that on 8 October 1972 plaintiff Burns was driving her car on the inside lane of the two southbound lanes of Horner Boulevard in Sanford. The deceased was proceeding in the outside lane approximately alongside of the Burns car. Deceased's wife, the defendant administratrix, was beside the deceased in the passenger seat. The deceased's car veered into the inside lane, the left rear of his car colliding with the right front of the Burns car. Upon and immediately after the collision, both cars veered diagonally across the two northbound lanes of Horner Boulevard and down an embankment where the Burns car struck a tree.

One of plaintiffs' witnesses, a passenger in the back seat of the Burns car, testified that just prior to the accident, he noticed the Garrett car weave slightly in its lane and then suddenly veer into the inside lane, at which time it collided with the plaintiff's vehicle. That witness testified that immediately at or after the impact, the deceased slumped over the steering wheel of his car. Another of plaintiffs' witnesses, Everette C. Williams, testified that he was driving thirty to forty yards to the rear of the Burns and Garrett vehicles. He testified that prior to the accident, both cars were proceeding in their proper lanes. Suddenly the Garrett car veered into the Burns car. Williams further testified that he did not see the Garrett car weave nor see Mr. Garrett slump over the wheel.

The defendant's evidence, through the testimony of Mrs. Garrett, tended to show that just prior to the collision, the deceased's right hand dropped from the wheel and his head jerked

back. He blinked twice and lost consciousness. He then slumped forward over the wheel with is left arm caught in the wheel. At this point the car veered to the left, despite Mrs. Garrett's attempt to gain control, and collided with the Burns car. Further testimony for the defendant showed that when the rescue squad attendant reached Mr. Garrett, he could find no pulse. Cardiac massage and mouth-to-mouth resuscitation were to no avail, and Mr. Garrett was pronounced dead on arrival at the hospital. There was testimony to the effect that prior to the accident, Mr. Garrett had been in good health and had no history of heart ailments.

At the close of plaintiffs' evidence and again at the close of all evidence, defendant moved for a directed verdict pursuant to Rule 50. Third-party defendant Burns also moved for a directed verdict on the defendant's claim for contribution. Both motions were granted by the trial court. Plaintiffs and third-party plaintiff appealed.

*Moore & Keith, by Thomas W. Moore, Jr., for plaintiff Burns.*

*Badgett, Calaway, Phillips & Davis, by Richard G. Badgett; and Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, for plaintiff Smith.*

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson, by James L. Newsom; and Bryant, Bryant, Drew & Crill, by Victor S. Bryant, Jr., for the defendant and third-party plaintiff.*

*Smith, Anderson, Blount & Mitchell, by James D. Blount, Jr., and J. G. Billings, for the third-party defendant.*

BROCK, Chief Judge.

### APPEAL OF PLAINTIFFS

[1] Plaintiffs argue that the court erred in granting the defendant's motion for a directed verdict. We agree. At trial the plaintiffs presented evidence that established a *prima facie* case of negligence on the part of the deceased. Thus, with no further showings, plaintiffs would be entitled to go to the jury.

In this case defendant countered with testimony aimed at establishing the affirmative defense of sudden incapacitation. In North Carolina the burden is on the party asserting sudden

incapacitation to prove the defense by the greater weight of the evidence. *Wallace v. Johnson,* 11 N.C. App. 703, 182 S.E. 2d 193 (1971). In *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971), the North Carolina Supreme Court held improper the direction of a verdict in favor of the party with the burden of proof where that party's right to a judgment depends upon the credibility of his witnesses.

In the instant case the testimony of Mrs. Garrett as to when the sudden seizure occurred is an essential cog in establishing the affirmative defense. As the wife of the deceased and named defendant in the lawsuit, her credibility is definitely in issue. She argues that since her testimony was uncontradicted, it was positive evidence conclusively establishing the sudden incapacitation. This argument is not persuasive. "It is quite clear, however, that . . . evidence is not necessarily conclusive because it is uncontradicted. It is still for the jury if reasonable men may differ as to its truth or if conflicting inferences may reasonably be drawn from it." *Cutts v. Casey, supra* at 421.

As stated above, the credibility of Mrs. Garrett and her testimony is for the jury. Further, a question of fact is apparent from the record. Defendant's evidence shows that seizure occurred first, thereby causing the accident. If the jury believes this evidence and defendant's other evidence concerning the prior good health of the deceased, the logical inference is sudden incapacitation. Plaintiffs, however, offered evidence tending to show that the deceased was suddenly seized at or just after impact. If believed by the jury, this evidence could lead to the equally plausible inference that the accident was caused by the negligence of the deceased and that the sudden trauma of the impact induced his seizure. The resolution of this question of fact along with the credibility of the moving party were for the jury to determine; therefore, the directed verdict for defendant must be reversed.

### APPEAL OF THIRD-PARTY PLAINTIFF

[2] In her third-party complaint the defendant, Mrs. Garrett, alleged that Burns was concurrently negligent in that:

> " . . . she operated said vehicle at a speed which was greater than reasonable or prudent under the conditions then existing in violation of General Statutes Section 20-141; she operated said vehicle without keeping a reasonable and

proper lookout; she failed to keep her said vehicle under reasonable and proper control; although she had ample opportunity to do so, and although she knew or, in the exercise of reasonable care should have known, of the risk of a collision and the necessity to take reasonable action to avoid the same, she nevertheless failed to slow her vehicle, or to turn it aside, or to take any other action whatever, as she could and should have done, to keep her said vehicle under control and to avoid a collision."

She argues that the trial court erred in directing a verdict for third-party defendant Burns in that there was sufficient evidence from which Burns' negligence could be inferred. We agree.

Plaintiff Smith chose not to sue Burns. Chapter 1B of the General Statutes authorizes contribution from a joint tort-feasor. Under G.S. 1A-1, Rule 14, the proper method to join an alleged tort-feasor is by third-party complaint, as was done here. The relationship between the original defendant and additional defendants is the same as under the former statute, G.S. 1-240. "The original defendants are as to the new defendants, plaintiffs, and as such required to establish their right of action." *Norris v. Johnson,* 246 N.C. 179, 182, 97 S.E. 2d 773, 775 (1957). Thus the burden of proof is on Garrett as third-party plaintiff to prove the concurring negligence of Burns as third-party defendant by the greater weight of the evidence.

In this light Burns' motion for a directed verdict is one against the party with the burden of proof. The evidence must therefore be considered in the light most favorable to Garrett with all reasonable inferences therefrom drawn in her favor. *Jones v. Development Co.,* 16 N.C. App. 80, 191 S.E. 2d 435 (1972). As third-party defendant, Burns argues that Garrett introduced no evidence showing negligence on the part of Burns. The scope of evidence that can be considered, however, includes not only the plaintiff's evidence but also that presented by the defendant to the extent it clarifies the plaintiff's case. *Jenkins v. Starrett Corp.,* 13 N.C. App. 437, 186 S.E. 2d 198 (1972).

From the record it is apparent that the following facts were evinced through direct and cross-examination of Burns and other of plaintiffs' witnesses. Burns, through interrogatories, indicated that immediately before the collision, she noticed the Garrett car weaving. Both cars were travelling between 20 and 30 miles per hour. Plaintiffs' witness Williams testified that both

cars were travelling side by side until the Garrett car veered into Burns' lane. Further, plaintiffs' pleadings and evidence show that their injuries occurred not at the impact with the Garrett car but from the subsequent battering as their vehicle jumped a curb, proceeded down an embankment, and impacted against a tree. Plaintiffs' witness Williams noticed no skid marks on any part of the road traversed by the vehicles. Plaintiffs' witness Hall recalled no sounds of tires skidding or squealing. Burns could not recall braking her vehicle. From the point of impact on the boulevard to where the Burns car came to rest was 106 feet.

From these facts, taken in the light most favorable to the third-party plaintiff, there is sufficient evidence for the jury to infer negligence on the part of Burns. A jury could logically conclude that prior to impact, Burns had the opportunity and did in fact observe the Garrett car weaving and that she failed to take any action that a prudent person under the circumstances would have taken to compensate for the distress of the Garrett vehicle and to avoid the collision. Further, the jury could logically conclude that after impact, Burns, by failing to brake or otherwise control her car, did not exercise the reasonable care of an ordinarily prudent person under similar circumstances. Directed verdict for the third-party defendant was thus improper.

The directed verdicts for both defendant Garrett and third-party defendant Burns are reversed. This cause is remanded for a new trial.

New trial.

Judges PARKER and HEDRICK concur.