BRANTLEY LINDSAY SNIDER, PLAINTIFF v. DARRELL WAYNE DICKENS, DEFENDANT-THIRD PARTY PLAINTIFF v. KENNETH DOUGLAS SNIDER, THIRD PARTY DEFENDANT

No. 7622SC672

(Filed 16 February 1977)

1. Automobiles § 79— intersection accident — failure to take evasive action

    In a passenger's action to recover for injuries received in a collision which occurred when defendant drove his car from a servient road into the path of third party defendant's car on the dominant

highway, an issue of negligence by the third party defendant was properly submitted to the jury where there was evidence tending to show that a tractor-trailer truck which had blocked the views of both drivers left the intersection in time for third party defendant to have an unobstructed view of the intersection, to see defendant driving into his path, and to avoid the accident by braking or swerving to one side.

2. **Automobiles § 90— approaching intersection — obstruction of view — duty of care — instructions**

Trial court's instruction on the increased duty of care required of a driver on a dominant highway when unusual conditions, such as a turning tractor-trailer rig, obstruct his view of an intersection he is approaching was proper when considered with other instructions on the right of the driver on a dominant highway to assume that a driver on a servient road will yield the right-of-way.

APPEAL by third party defendant from *Kivett, Judge.* Judgment entered 19 May 1976 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 20 January 1977.

This case arises out of a traffic accident between automobiles driven by Darrell Wayne Dickens (Dickens), the defendant-third party plaintiff, and Kenneth Douglas Snider (Snider), the third party defendant. The plaintiff Brantley Lindsay Snider was a passenger in the Snider car. Plaintiff brought suit against Dickens, and Dickens, in turn, filed a third party complaint against Snider· for contribution.

Evidence showed that the accident occurred at the intersection of Highway 109 and Kennedy Road at about 1:30 p.m., 6 July 1973. The weather was clear, and the road was dry. Highway 109 is the dominant road and has five lanes at this intersection. Two are northbound, and two are southbound. The center lane is for traffic turning across Highway 109. Kennedy Road is a two lane road, and it is the servient road at the intersection, which is indicated by a stop sign. Nothing at this intersection obstructs the view of the drivers on either road.

At the time of the accident, Snider was driving north on the inside lane, that is, the lane between the outside northbound lane and the middle "turn" lane. Dickens, who was stopped at the stop sign, westbound on Kennedy Road, drove slowly into Snider's path, and there was a collision. Neither driver, according to testimony, saw the other until the instant before the crash.

At about the time of the accident, a tractor-trailer truck turned right out of the outside northbound lane of Highway 109

onto Kennedy Road. Dickens testified that the truck had its turn signal on and was in the process of making the turn when he began to pull across the highway. Snider testified that the truck had completed its turn and was, perhaps, twice its length down Kennedy Road before he entered the intersection.

The case was submitted to the jury who found that each party was negligent, and that the negligence of each was a proximate cause of plaintiff's injury. Judgment was entered accordingly. Snider, the third party defendant, appeals.

*Walser, Brinkley, Walser & McGirt, by Charles H. McGirt and G. Thompson Miller, for third party defendant appellant.*

*Haworth, Riggs, Kuhn, Haworth & Miller, by John Haworth, for third party plaintiff appellee.*

ARNOLD, Judge.

[1] Error is assigned by third party defendant (Snider) to the denial of his motions for directed verdict and judgment *non obstante veredicto*. He contends that there was insufficient evidence of negligence on his part to go to the jury. All the evidence, according to Snider, shows that both drivers' view of the intersection was obstructed by the tractor-trailer, and yet defendant drove from a servient highway into third party defendant's car in violation of the duty to yield to traffic on the dominant highway. Since he could not see defendant's oncoming car, Snider argues, he had no notice to anticipate anything, but could assume that any traffic on the servient highway would yield. Applying G.S. 1A-1, Rule 50, the evidence is to be considered in light most favorable to defendant (Dickens), the party resisting the motions.

Evidence in the record conflicts concerning the exact location, at the time of the accident, of the tractor-trailer truck which turned in an eastward direction from the outside northbound lane of Highway 109 onto Kennedy Road. Resolving these conflicts in favor of Dickens, there is evidence from which the jury could find that the tractor-trailer truck left the intersection and drove away in time for third party defendant, Snider, to have an unobstructed view of the intersection, to see defendant driving into his path, and to avoid the accident by braking or swerving to one side.

Plaintiff testified concerning the tractor-trailer that "Before we got clear of the crossing, the tractor-trailer was down [done?] leaving 109 on Kennedy Road. It was clear from 109 at that time we got there." On cross-examination plaintiff stated, "As to whether I am saying that the tractor-trailer had completely turned off the road and was all the way up in Kennedy Road before the wreck ever happened, it had done cleared 109 when the wreck happened." Third party defendant's motions were properly denied.

Additional evidence, considered in the light most favorable to defendant, which supports a finding that third party defendant should have seen defendant entering the highway and thus have been put on notice so that he could no longer assume that defendant would yield the right-of-way, comes from the third party defendant's own deposition:

> "The tractor-trailer had completed that turn before the wreck happened. It was already off the road when I caught up with it, until I passed it. The tractor-trailer was already off and in Kennedy Road before I got to the intersection. As to how far into Kennedy Road the tractor-trailer was when I passed it, the length of it, maybe two. I don't know how long the tractor-trailer was in feet, I couldn't say. It was longer than my car."

[2] Assignments of error are also directed by third party defendant to the court's charge to the jury. He argues that the instructions fail to explain his duty to maintain reasonable and proper control of his vehicle, that the instructions are confusing and place upon him the burden of anticipating another driver's negligence, which is a heavier burden than the law requires.

The following portion of the charge is objected to by third party defendant:

> "[M]embers of the jury, when one is driving on a main highway approaching an intersection when there may be unusual conditions existing at the scene which could exist by way of some tractor trailer rig ahead of one and turning; or other such circumstances . . . , if any such existing condition or conditions might obstruct one's view of the intersection which one is approaching and consequently any danger in so approaching might thereby be increased to

[beyond?] that which normally exists at the intersection, then the care required of the driver is increased correspondingly."

We do not believe that this instruction, when considered in light of the charge as a whole, is erroneous. In the portion of the charge immediately preceding, the court properly charged the jury on the third party defendant's right to assume that a servient driver will yield the right-of-way to a motorist on a dominant highway. The judge did nothing more than state the corresponding duty of the dominant driver to exercise the care of a reasonably prudent person under the circumstances. Considering the instruction *vis a vis* the charge as a whole, we do not find reasonable grounds to believe that the jury was misled. *Jones v. Satterfield Dev. Co.*, 16 N.C. App. 80, 191 S.E. 2d 435 (1972). Upon reading the entire charge, we do not find prejudicial error.

No error.

Judges PARKER and MARTIN concur.