ESTELLE SKINNER v. PIGGLY WIGGLY OF LAGRANGE, INC., AND HARVEY
S. HINES COMPANY, A CORPORATION DOING BUSINESS AS COCA COLA BOT-
TLING COMPANY OF KINSTON

No. 798SC494

(Filed 19 February 1980)

1. **Food § 1.3; Negligence § 57.3— explosion of Coke bottle which fell from display — insufficient evidence of negligence**

   In an action to recover for injuries sustained to plaintiff's lower leg when a 32-ounce Coke bottle fell from a display and exploded on the floor of a grocery store, plaintiff's evidence was insufficient to show actionable negligence by either the store owner or the Coke distributor who prepared the display where plaintiff failed to show any specific acts of negligence by either defendant, that defendants had actual or implied knowledge of an existing defect or dangerous situation, that defendant owner failed routinely to inspect the soft drink display, that the same or similar type of injury had occurred with similar displays elsewhere, that the display was inherently dangerous, that there was anything unusual about the way the bottles were stacked at or around the time of the accident, or that there was no opportunity for interference or intervening negligence by other customers within a short period of time prior to the accident.

2. **Food § 1.2— explosion of Coke bottle which fell from display — inapplicability of res ipsa loquitur**

   The doctrine of *res ipsa loquitur* was inapplicable in an action to recover for injuries sustained by plaintiff customer when a Coke bottle fell from a display and exploded on the floor of a grocery store where there was no showing that other customers did not have access to the soft drink display.

APPEAL by plaintiff from *Stevens, Judge.* Judgment entered 6 February 1979 in Superior Court, WAYNE County. Heard in the Court of Appeals 9 January 1980.

This appeal arises from the trial court's favorable ruling on defendants' Rule 50 motion for a directed verdict. The plaintiff's evidence tended to show that she received a serious cut on ten-

dons in her lower leg when a 32-ounce Coke bottle fell from a display and exploded on the floor of the Piggly Wiggly store in LaGrange, North Carolina. The coke bottles were approximately ten inches high, were packed in paper board cartons containing six bottles each, and were stacked three layers high on a display counter which contained a four-inch slope so as to make the bottles tilt toward the back of the display. The bottles were placed on the bottom shelf of the display. Between the first and second layer of the bottles, there was a sheet of linoleum, and in addition, there were rolls of plastic, or milar strips, between the layers, which strips would roll up as the cartons were removed and which would help to lock the carton in its place while the carton was stationary. There was no vertical supports between the cartons and there was no guard rail to prevent shopping carts from contacting the display.

The evidence also tends to show that the bottles were on an aisle which was visible from the store manager's office. In addition, the store manager would pass by the Coke rack once every ten to twenty minutes. There was no testimony indicating that there was anything unusual about the manner in which the Coke bottles were displayed at or around the time of the accident. Also, E. J. Dixon, of the Coca-Cola Bottling Company of Kinston, had restacked all of the cartons on the day of the accident and had checked the tilt of the bottles before he left. Dixon further testified that the manner in which these bottles were displayed was similar to the manner in which bottles were displayed at over 150 stores that he serviced.

Just prior to the occurrence of the accident, plaintiff had selected a shopping cart, located across the aisle from the drink rack, and was beginning to go to the produce section when the bottle burst behind her. Another shopper, Margaret Warren, testified that she reached over and picked up a carton of 32-ounce Coca-Colas from the second or third layer of the stack, and that when she picked up the carton, a carton of 32-ounce Coca-Colas fell to the floor and one or two of the bottles burst.

*Duke & Brown by John E. Duke for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker by Robert D. Walker, Jr.; Freeman, Edwards and Vinson by H. Jack Edwards for defendant appellees.*

CLARK, Judge.

[1]  The sole issue in this case is whether there was sufficient evidence from which a jury could infer actionable negligence on the part of either of the defendants. We hold that the record in this case would not support a finding of actionable negligence.

The record is devoid of any facts that show specific acts of negligence on the part of defendants, that defendants had actual or implied knowledge of an existing defect or dangerous situation, that the defendant failed to routinely inspect the soft drink display, that the "same or similar" type of injury had occurred with similar displays elsewhere, that the display was inherently dangerous, that there was anything unusual about the way the bottles were stacked at or around the time of the accident, and that there was no opportunity for interference or intervening negligence by other customers within a short period of time prior to the accident.

In sum, we find no breach of the store owner's or distributor's duty to stack bottles in a reasonable manner so as to avoid injury to the store's customers. We note that while the store owes the customer as an invitee a duty of reasonable care in building displays, "[t]he proprietor of a business establishment is not required to take extraordinary precautions for the safety of his invitees . . . ." *Gaskill v. Great A & P Tea Co.*, 6 N.C. App. 690, 694, 171 S.E. 2d 95 (1969). The store owner "is not an insurer of the safety of a customer while on the premises." *Watkins v. Taylor Furnishing Company*, 224 N.C. 674, 676, 31 S.E. 2d 917 (1944). *See also, Bodenheimer v. National Food Stores, Inc.*, 255 N.C. 743, 122 S.E. 2d 715 (1961).

Even if specific acts constituting a breach of due care on the part of the store owner or distributor were shown, there is still insufficient evidence from which a jury could conclude that such acts were the proximate cause of plaintiff's injury. There is no evidence, for example, which would indicate that had a guard rail or vertical supports been installed that they would have prevented the occurrence in this case.

[2]  As the plaintiff has failed to show that other customers did not have access to the soft drink display, and therefore that the store owner had exclusive control over the positioning of the bot-

tles on the display, we cannot apply the doctrine of *res ipsa loquitur. Phillips v. Bottling Co.*, 256 N.C. 728, 729, 125 S.E. 2d 30 (1962); *Jackson v. Neill McKay Gin Co.*, 255 N.C. 194, 120 S.E. 2d 540 (1961); *Watkins v. Taylor Furnishing Co., supra; Peterson v. Winn-Dixie*, 14 N.C. App. 29, 187 S.E. 2d 487 (1972); *Farmer v. Drug Corp.*, 7 N.C. App. 538, 173 S.E. 2d 64 (1970); *Gaskill v. Great A & P Tea Co., supra; Connor v. Thalhimers Greensboro, Inc.*, 1 N.C. App. 29, 159 S.E. 2d 273 (1968).

The holding in this case should not be construed to mean that those who display soft drinks can never be found to be negligent in the manner of their display or that the doctrine of *res ipsa loquitur* can never apply in these cases. *See*, for example, the extended compilation of cases found in Annot., 38 A.L.R. 3d 363 (1971). We are also aware that there is a fine line of distinction, if any, between the scope of the storekeeper's duty and the standard of proximate causation in these cases. *Id.* The fact situation in the instant case, however, does not require us to expound upon this question.

Affirmed.

Judges HEDRICK and ERWIN concur.