AVERY BODENHEIMER, v. NATIONAL FOOD STORES, INC., AND
GREENSBORO COCA-COLA BOTTLING COMPANY.

(Filed 29 November, 1961.)

**Negligence § 37f—**

Plaintiff's evidence tended to show that she stood upon the apron of a
display rack and removed a carton of soft drinks from the top of the
rack, that she did not see any loose bottles about the rack, and that
when she stepped back a bottle struck the floor near her feet, breaking
and causing injury. *Held:* The evidence is insufficient to overrule de-
fendants' motions to nonsuit.

APPEAL by plaintiff from *Olive, J.,* February 20, 1961, Civil Term,
GUILFORD Superior Court — High Point Division.

This civil action was instituted in the Small Claims Division of
the High Point Municipal Court upon the following allegations:
"Plaintiff on August 5, 1960, while invitee of defendant, sustained in-
jury, loss of earnings, and medical expenses by reason of defendant's
improper and negligent stacking of soft drink bottles, one of which
fell to the floor and shattered, resulting in broken glass imbedding it-
self in plaintiff's ankle."

The National Food Stores, Inc., the original defendant, entered a
general denial, pleaded contributory negligence of the plaintiff, and
upon its motion had the Greensboro Coca-Cola Company made co-
defendant upon the allegation that the codefendant owned the display
case upon which the cartons of coca cola were stacked by it in the
original defendant's self-service grocery store.

The plaintiff testified she stood upon the apron of the display rack,
removed a carton containing six bottles of Coca Cola from the top,
and about the time she stepped down on the floor a bottle struck the
floor near her feet, shattered, and imbedded particles of glass in her
ankle. She did not observe loose bottles on the rack or in any of the
cases and did not know where the bottle came from. The time was
7:00 p.m., August 5. The store was well lighted.

The defendant introduced evidence that the display rack was 4 feet,
4 inches high and that cartons when placed thereon tilted against the
back in a secure position, from which customers served themselves.
Employees were on duty and it was their custom to make inspections
throughout the store to guard against hazards. The evidence disclosed
the display rack was safe for the purpose and was in approved and
in general use.

The judge of the municipal court found the issues of negligence in
favor of the bottling company but against the store. It found, however,
the issue of contributory negligence against the plaintiff. From the
judgment dismissing her action, she appealed to the superior court.

In the superior court judgment of nonsuit was allowed at the conclusion of the plaintiff's evidence. She appealed.

*Schoch and Schoch, By: Arch K. Schoch, for plaintiff, appellant.*

*James B. Lovelace, for defendant Greensboro Coca Cola Bottling Co., appellee.*

*Charles W. McAnally, for defendant National Food Stores, Inc., appellee.*

PER CURIAM. The plaintiff failed to present any evidence from which actionable negligence against either defendant may be inferred. She and no one else was at the display rack at the time the bottle fell. Where it came from she does not know. She did not see any loose bottles about the rack. If she could not see it, there is nothing to indicate the management was negligent in failing to discover it. The judgment of nonsuit is

Affirmed.