ENNS v. ZAYRE CORP.

[116 N.C. App. 687 (1994)]

MARCIA ENNS and ROD ENNS, Plaintiffs-Appellants v. THE ZAYRE CORPORATION, INC., d/b/a ZAYRE, THE TJX COMPANIES, INC., FORMERLY THE ZAYRE CORPORATION d/b/a ZAYRE, Defendant-Appellee

No. 9321SC1091

(Filed 1 November 1994)

## 1. Trial § 265 (NCI4th)— objection to submission of contributory negligence—objection not equivalent to directed verdict motion

The trial court erred in holding that plaintiff's objection to the submission of contributory negligence was the equivalent of a motion for directed verdict.

**Am Jur 2d, Trial § 938.**

## 2. Negligence § 109 (NCI4th)— contributory negligence—insufficiency of evidence

In an action to recover for injuries sustained by plaintiff when she was struck in the head by merchandise falling off a shelf in defendant's store, the trial court erred in submitting the issue of contributory negligence to the jury where the evidence established at best that plaintiff touched merchandise on a shelf, but there was no evidence that plaintiff disregarded her legal duty to exercise due care for herself.

**Am Jur 2d, Negligence §§ 1096 et seq.; Premises Liability §§ 786, 790.**

## 3. Pleadings § 379 (NCI4th)— punitive damages—denial of motion to amend complaint

It was within the discretion of the trial court to deny plaintiff's motion to amend to add a claim for punitive damages based upon gross negligence.

**Am Jur 2d, Damages § 824; Pleading § 319.**

Judge ORR concurring in part, dissenting in part.

Appeal by plaintiffs from order entered 25 February 1993 by Judge Melzer A. Morgan, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 8 June 1994.

On 23 February 1988, plaintiff Marcia Enns went to defendant's store in Winston-Salem, North Carolina to purchase a can opener.

**ENNS v. ZAYRE CORP.**

[116 N.C. App. 687 (1994)]

While plaintiff was in the small appliance section of the store, a boxed electric can opener fell on her head. Plaintiff claimed that defendant's negligence caused a concussion, and later resulted in recurring migraine headaches, memory loss, and other complications. Defendant claimed that plaintiff was contributorily negligent and thus should be barred from recovery.

Defendant used a "gondola" shelving system of three shelves. The bottom shelf had boxed goods for purchase by customers. The middle shelf had unboxed goods which could be inspected by customers. The top shelf was a "warehoused" merchandise area not intended for the customer's use. Plaintiff's injury was allegedly sustained from a boxed can opener which fell from the "warehoused" merchandise shelf.

There is conflicting evidence as to whether plaintiff touched any of the shelves, or any products thereon, before the can opener fell. According to plaintiff, she did not touch anything. However, two of defendant's witnesses offered testimony suggesting that plaintiff did touch the shelving system or the products it contained. Susan Sebastian, a sales clerk for defendant, testified that plaintiff said she was putting a can opener back on the shelf when something hit her on the head:

Q:  Do you remember anything that [plaintiff Marcia Enns] said?

A:  Just that something hit her in the head; that she had been looking at a display of the can openers. And I want to say I thought I remember she said she was putting it back or something . . . .

. . .

Q:  Sitting here today, do you remember whether or not it was [Marcia] Enns or maybe somebody else in the store who told you that [Marcia] Enns was putting a can opener back?

. . .

A:  That's my memory of what she said.

Danny Chadwick, the store's security manager, also testified for defendant. Chadwick, who arrived at the scene several minutes after the event, gave the following testimony:

Q:  State whether or not Miss Enns stated to you that she had touched the can opener.

ENNS v. ZAYRE CORP.

[116 N.C. App. 687 (1994)]

A: Yes, she did.

Q: And what exactly did she say to the best of your memory?

A: She stated ["]I was putting the can opener back. As I was turning to walk . . . away, I felt something brush the back of my hair and it startled me.["]

Finally, plaintiff, on cross-examination stated, "As I reached back, that's when I got clobbered on the head." Defendant contended that plaintiff's statement that she was "reaching back" suggests that she had physical contact with the shelf, or products thereon.

After both sides had presented their evidence, defendant moved for a directed verdict pursuant to N.C.R. Civ. P. 50(a). The court denied the motion. Plaintiff did not, at this time or later, make the corresponding motion for a directed verdict on the issue of contributory negligence. The court then began the conference on jury instructions; subsequently, during the proceedings of the jury instruction conference, plaintiff took objection to the submission of the issue of contributory negligence to the jury. The court noted plaintiff's objection, but still tendered an issue and instruction on contributory negligence.

The jury held that defendant was negligent, but that plaintiff was contributorily negligent. Plaintiff then moved for a judgment notwithstanding the verdict pursuant to N.C.R. Civ. P. 50(b) and for a new trial pursuant to N.C.R. Civ. P. 59. The court concluded in an order filed 25 February 1993 that plaintiff's objection to the submission of the issue of contributory negligence was the equivalent of a Rule 50(a) motion for a directed verdict, and that therefore the court had jurisdiction to consider the judgment notwithstanding the verdict motion. The court then denied plaintiff's motion for a judgment notwithstanding the verdict on the grounds that defendant's evidence of contributory negligence was legally sufficient to submit the issue to the jury. In its order, the court also denied plaintiff's motion for a new trial. Plaintiff appeals from this order. Defendant cross-assigns as error the trial court's order allowing plaintiff's objection to the issue of contributory negligence to be considered the equivalent of a motion for directed verdict.

*Petree Stockton, L.L.P., by Steve M. Pharr and Donald M. Nielsen, for plaintiffs-appellants.*

*Hutchins, Tyndall, Doughton & Moore, by H. Lee Davis, Jr. and Laurie L. Hutchins, for defendant-appellee.*

ENNS v. ZAYRE CORP.

[116 N.C. App. 687 (1994)]

JOHNSON, Judge.

I.

**[1]** We first address defendant's cross-assignment of error to the trial court's conclusion as a matter of law that plaintiff's objection to the submission of contributory negligence is the equivalent of a motion for directed verdict. We agree with defendant.

Motions for judgments notwithstanding the verdict are based on N.C.R. Civ. P. 50(b)(1), which states that "a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict[.]" Clearly, from the plain meaning of this Rule, a motion for judgment notwithstanding the verdict cannot be allowed unless a proper motion for directed verdict was entered earlier in the trial. Rule 50(a) sets out the guidelines for motions for directed verdict. By this rule, motions for directed verdict must "state the specific grounds therefor." N.C.R. Civ. P. 50(a). Further, the motion for directed verdict must be made "at the close of all the evidence." N.C.R. Civ. P. 50(b)(1). The rationale behind these timing and specificity requirements is to give the opposing side a chance to correct any curable errors of proof. *Feibus & Co. v. Construction Co.*, 301 N.C. 294, 271 S.E.2d 385 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E.2d 228 (1981). Therefore, it is important that the directed verdict be in its proper form and at the proper time in order to serve the purpose of allowing for any corrections in the record by the opposing party.

Plaintiff's objections to the issue of contributory negligence made at the conference or to the jury instructions are not the equivalent of a motion for directed verdict made pursuant to Rule 50(a). Plaintiff could have made a proper motion at the close of evidence, as is required under N.C.R. Civ. P. 50(b)(1), but did not do so. Plaintiff's objection during the jury instruction conference would not allow defendant a proper chance to correct any errors in its proof of contributory negligence. Thus, the trial court erred in holding that plaintiff's objection to the contributory negligence issue was the equivalent of a directed verdict.

II.

**[2]** Plaintiff, in addition to assigning as error the trial court's denial of the judgment notwithstanding the verdict motion, also assigned as error the submission of the issue of contributory negligence. This

assignment of error is based on plaintiff's objection during the court's conference on jury instructions. Accordingly, we reach the substantive issue of whether contributory negligence should have been submitted to the jury on the basis of the evidence presented at trial and agree with plaintiff that the contributory negligence was improperly submitted to the jury.

Review of the appropriateness of submission of contributory negligence is discussed in *Jones v. Holt*, 268 N.C. 381, 150 S.E.2d 759 (1966). *Holt* was an automobile accident case in which contributory negligence was submitted to the jury. The Court held that the "burden of proof being upon the defendant, the issue of contributory negligence should not be submitted to the jury if the evidence is not sufficient to support an affirmative finding." *Id.* at 384, 150 S.E.2d at 762. The defendant's evidence must be considered in a light most favorable to him. *Id.* As well, the plaintiff's evidence, except insofar as it tends to support the defendant's proof of contributory negligence, must be disregarded. *Id.* Finally, all "reasonable inferences" in favor of the defendant's proof must be drawn from the evidence. *Id.* Construing the evidence in this favorable manner, "the issue may not properly be submitted to the jury unless there is evidence from which the inference of contributory negligence may be drawn by men of ordinary reason, *evidence which merely raises a conjecture being insufficient.*" *Id.* (emphasis added).

In order to prove contributory negligence satisfactorily enough to allow it to be submitted to the jury, the defendant must show that the plaintiff's failure to perform a legal duty proximately resulted in injuries. *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E.2d 504 (1980). The legal duty in this case is the duty to exercise reasonable care in protecting oneself against injury. *Id.* "Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to do so, and if he fails to exercise such care . . . he is guilty of contributory negligence." *Id.* at 673, 268 S.E.2d at 507, *quoting Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965). *Smith* uses an objective standard, meaning that the plaintiff "may be contributorily negligent if his conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety." *Id.* Such disregard of a legal duty is contributory negligence if there is proximate cause between the conduct and the injury.

Applying the rule of contributory negligence to the instant case, it is necessary to interpret all evidence and reasonable inferences therefrom in the light most favorable to defendant. Susan Sebastian's testimony only establishes at best that plaintiff touched a can opener on the display or attempted to put a can opener back on the shelf. Danny Chadwick's testimony establishes the same fact. As well, the reasonable inference from plaintiff's "reaching back" statement during cross-examination is that she was touching an object on the shelf. The conclusion from Susan Sebastian's, Danny Chadwick's, and plaintiff's testimony is that plaintiff made physical contact with one of the can openers on the shelf.

Defendant incorrectly asserts that this conclusion is an adequate basis to support a submission of contributory negligence. Defendant must show that plaintiff disregarded her legal duty to exercise due care for herself. This burden is not met by merely showing that plaintiff touched one of the can openers on the shelf; it is common practice for shoppers to touch merchandise before buying. Defendant has not offered any evidence that plaintiff unreasonably placed herself in danger. No evidence was offered to show that plaintiff, for example, attempted to remove the bottom can opener from a stack of can openers, or jostled or bumped the shelf. Thus, defendant offers no evidence that plaintiff disregarded her legal duty to protect herself as a reasonable person would. Only by pure conjecture could a jury conclude contributory negligence from evidence that plaintiff touched the product.

Defendant relies on cases which suggest that consumers must exercise reasonable care when shopping. *Bodenheimer v. Food Stores*, 255 N.C. 743, 122 S.E.2d 715 (1961). *Bodenheimer*, the only North Carolina case cited by defendant which concerns both falling products and contributory negligence, states that the plaintiff "did not see any loose bottles about the rack. If she could not see it, there is nothing to indicate the management was negligent in failing to discover it." *Id.* at 744, 122 S.E.2d at 716. Defendant relies on *Bodenheimer* to show that consumers have a legal duty to exercise reasonable care while shopping. However, defendant's proof of contributory negligence is inadequate because it did not show such a failure to exercise reasonable care while shopping.

Defendant also relies on "slip and fall" cases to argue that contributory negligence should have been submitted to the jury. In *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E.2d 559

**ENNS v. ZAYRE CORP.**

[116 N.C. App. 687 (1994)]

(1981), the plaintiff slipped in the defendant's store and was injured. Evidence was presented by both sides on the issue of the plaintiff's contributory negligence. The jury concluded that the defendant was negligent. The trial court granted the defendant's motion for a judgment notwithstanding the verdict on the grounds that the plaintiff was contributorily negligent. After this Court affirmed the trial court's decision, the Supreme Court reversed and reinstated the jury verdict. The Court stated that the "basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety." *Id.* at 468, 279 S.E.2d at 563. The Court found that there was sufficient evidence to reasonably infer that the danger of slipping would not have been seen by a person exercising ordinary care. *Id.* Defendant contends that *Norwood* suggests that the trial court should allow the jury latitude to resolve discrepancies in the evidence concerning contributory negligence. However, in *Norwood* the jury chose between reasonable inferences either favoring the plaintiff or the defendant. In the instant case, there are no reasonable inferences favoring defendant on the issue of contributory negligence. As stated above, any inferences of contributory negligence based on defendant's evidence would be pure conjecture.

Defendant argues that submission of the issue of contributory negligence to the jury is necessary to avoid strict liability in this case. This argument is mistaken. Defendant's negligence and plaintiff's contributory negligence are entirely separate questions for the jury to address. Accordingly, whether plaintiff was found contributorily negligent or not, or whether the jury was even instructed to decide the issue or not, there is no impact on the jury's decision concerning defendant's negligence. Plaintiff must still prove defendant had a legal duty, failed to fulfill this duty, and that such failure proximately caused injury. The issue of plaintiff's contributory negligence is a separate question from plaintiff's proof of these three elements. Accordingly, the failure to submit the issue of contributory negligence will not alter the proof required of plaintiff, and as a result will not create strict liability.

We also note that plaintiff objects to the jury instructions on contributory negligence. Because plaintiff does not assign the jury instructions as error, we do not reach this issue. *See Koufman v. Koufman*, 330 N.C. 93, 408 S.E.2d 729 (1991).

### III.

**[3]** Plaintiff also assigns error to the trial court's failure to allow her to amend the complaint under N.C.R. Civ. P. 15(b). Rule 15(b) states that

> [i]f evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

This Court considered facts similar to this case in *Paris v. Kreitz*, 75 N.C. App. 365, 331 S.E.2d 234, *disc. review denied*, 315 N.C. 185, 337 S.E.2d 858 (1985). In *Paris*, the plaintiff moved to amend his complaint to include a punitive damages cause of action concerning an altercation between the parties that was not the subject of the original complaint. The trial court denied the motion. Despite the fact that the plaintiff had put the defendant on warning of such an action by including the words "reckless and wanton disregard" in his complaint, this Court held that allowing the plaintiff's amendment would have "severely prejudiced defendants. 'Despite the broad remedial purposes of this provision, however, Rule 15(b) does not permit judgment by ambush.' " *Id.* at 375, 331 S.E.2d at 242, *quoting Eudy v. Eudy*, 288 N.C. 71, 76, 215 S.E.2d 782, 786 (1975), *overruled on other grounds by Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982). *Paris* further holds that when an "issue purportedly raised by the evidence was not tried by the consent of the parties, it was not error for the court to refuse to amend the proceedings." *Id.* at 376, 331 S.E.2d at 242. Applying *Paris* to the instant case, there was no warning in the complaint of a punitive damages claim. As well, there was no consent by defendant to such a claim. Accordingly, it was within the discretion of the trial court to deny plaintiff's motion to amend to add a claim for punitive damages based upon gross negligence.

As we noted earlier, whether plaintiff was found contributorily negligent or not, there is no impact on the jury's decision concerning defendant's negligence. The issue of plaintiff's contributory negligence was a separate question from plaintiff's proof of defendant's negligence. Accordingly, we remand this action for a new trial solely on the issue of damages. *See Jacobs v. Locklear*, 310 N.C. 735, 314 S.E.2d 544 (1984), where our Supreme Court noted that the trial court

erred as a matter of law in submitting the issue of contributory negligence to the jury, and the Court remanded the case and ordered a new trial for the plaintiff on the issue of damages only. (*See also Whiteside v. McCarson*, 250 N.C. 673, 110 S.E.2d 295 (1959), where the defendant was found to be negligent and the plaintiff found not to be contributorily negligent; our Supreme Court noted that a partial new trial is properly granted where the error or reason for the new trial is confined to an issue which is entirely separable from the others.)

New trial on the issue of damages.

Judge WYNN concurs.

Judge ORR concurs in part and dissents in part.

Judge ORR concurring in part, dissenting in part.

I concur in the majority's conclusion that the trial court erroneously submitted the issue of plaintiff's contributory negligence to the jury; I respectfully dissent, however, from the majority's decision to remand this case for a new trial only on the issue of damages, as I believe that the only remedy available to plaintiff is a new trial on all the issues. On all other issues raised by this appeal, I concur. *See Powell v. Shull*, 58 N.C. App. 68, 293 S.E.2d 259, *disc. review denied*, 306 N.C. 743, 295 S.E.2d 479 (1982) (where trial court erred in submitting issue of contributory negligence to the jury, plaintiff was entitled to a new trial on all issues).