BETTE F. WALLACE v. PEARL R. JOHNSON, ADMINISTRATRIX OF THE ESTATE OF MILTON LEE JOHNSON, AND FREE WILL BAPTIST CHILDREN'S HOME

No. 717SC414

(Filed 14 July 1971)

1. **Automobiles § 21; Negligence § 4— sudden incapacitation of motorist**
       A motorist who becomes suddenly stricken by a fainting spell or other sudden and unforeseeable incapacitation, and is, by reason of such unforeseen disability, unable to control the vehicle, is not chargeable with negligence.

2. **Automobiles § 21— sudden unconsciousness — burden of proof**

A motorist who relies upon a sudden unconsciousness to relieve him from liability must show that the accident was caused by reason of such sudden incapacity.

3. **Automobiles §§ 21, 90— instructions — sudden disability — negligence in driving with knowledge of physical impairment**

In this action to recover damages for injuries sustained by plaintiff when defendant's intestate drove his automobile into the rear of plaintiff's vehicle, the trial court's instructions sufficiently apprised the jury that plaintiff was relying on alleged conduct of defendant's intestate in operating his vehicle after he suffered a stroke and with knowledge of his physical impairment as a specific act of negligence and not merely to rebut defendant's affirmative defense of sudden disability.

4. **Automobiles § 91— issues submitted — defense of sudden disability**

The trial court did not place on plaintiff the burden of disproving defendant's affirmative defense of sudden disability by submitting only one general issue as to negligence and refusing to submit a separate issue as to the negligence of defendant's intestate in operating his automobile with knowledge of his disability.

5. **Automobiles § 91; Negligence § 37— issues — various acts of negligence**

It is neither necessary nor appropriate to submit separate issues as to every act of negligence alleged by plaintiff.

APPEAL by plaintiff from *Cohoon, J.,* 7 December 1970 Civil Session of Superior Court held in NASH County.

Plaintiff instituted this action seeking damages for injuries sustained in an automobile accident. Plaintiff alleged and defendants admitted that plaintiff was operating an automobile in a careful and prudent manner along N. C. Highway No. 58; that defendant's intestate was also operating a vehicle owned by the corporate defendant along the same highway behind the plaintiff and drove said vehicle into the rear of plaintiff's vehicle. Defendants denied negligence and alleged that at the time of the accident defendant's intestate suddenly and unexpectedly suffered a cerebral vascular thrombosis, a stroke or brain clot, and that his mental and physical condition was such that he was not capable of sense perception; that prior to the accident he was in excellent health. Plaintiff filed a reply in which she denied the affirmative matters set up in defendants' answer and alleged that if defendant's intestate suffered a stroke the same occurred prior to the time that he began operating the vehicle and that defendant was negligent in operating the vehi-

cle after he had become aware of his physical impairment. The first issue (Was the plaintiff injured by the negligence of the defendants as alleged by the plaintiff?) was answered "No." The only other issue submitted, that of damages, was not reached. Plaintiff appealed.

*Dill and Fountain by Richard T. Fountain for plaintiff appellant.*

*Battle, Winslow, Scott and Wiley by Robert Spencer for defendant appellees.*

VAUGHN, Judge.

Defendants having admitted that defendant Johnson drove his automobile into the rear of plaintiff's automobile as plaintiff was proceeding along Highway 58 in a careful and prudent manner, defendants offered evidence which, if believed by the jury, was sufficient to permit, but not require, the jury to find that at the time defendant's intestate drove his automobile into the rear of plaintiff's automobile he was unable to control the vehicle because of being stricken with an unforeseen cerebral vascular thrombosis. There was other evidence which would have permitted, but did not require, the jury to infer that the alleged stroke affected only the speech of defendant's intestate or that prior to the occurrence of the accident he could reasonably have been aware of and foreseen such disability as he might have had.

[1-3] By the great weight of authority the operator of a motor vehicle who becomes suddenly stricken by a fainting spell or other sudden and unforeseeable incapacitation, and is, by reason of such unforeseen disability, unable to control the vehicle, is not chargeable with negligence. Annot., 28 A.L.R. 2d 12, and cases cited. "But one who relies upon such a sudden unconsciousness to relieve him from liability must show that the accident was caused by reason of this sudden incapacity." 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 693, p. 245. In her reply plaintiff alleged that if defendant's intestate suffered a stroke, he suffered it prior to the time he entered his vehicle and that he operated the vehicle with knowledge of his physical impairment. On appeal plaintiff argues that the court did not make it clear to the jury that plaintiff was relying on that alleged conduct of the defendant's intestate as a specific act of negli-

gence and not merely to rebut defendants' defense which was based on sudden disability. Generally, objections to a statement of a party's contentions should be called to the attention of the court. *Sherrill v. Hood*, 208 N.C. 472, 181 S.E. 330. Moreover, in this case the judge specifically instructed the jury:

> "Whether or not an individual has knowledge of physical defects or infirmities or an approaching incapacitation rendering it dangerous for him to operate a motor vehicle as a reasonably prudent person would operate under the same or similar circumstances, is of importance in determining his liability. One who knows or has reason to believe that his physical or mental faculties are becoming appreciably impaired and that he is physically unfit to operate a motor vehicle upon the highway and fails to stop and cease driving when he has an opportunity to do so, and as a reasonably prudent person would do under the same or similar circumstances, and then nevertheless undertakes to drive or continue to drive on the highway, he is liable for his negligent act or acts resulting therefrom and for resulting injury when thereby he loses control of his car and causes injury to another.

> "If the defendant Johnson drove under conditions and failed to stop and cease driving when he had an opportunity to do so at a time when he knew or by the exercise of due care should have known he was being physically or mentally affected or becoming incapacitated to operate his car as a reasonable and prudent person would do, and that in so doing, that is, continuing to drive under such circumstances, he failed to exercise due care to keep a reasonable lookout or failed to keep his vehicle under proper control or failed to exercise due care to avoid a collision with another vehicle, in this instance the vehicle of Mrs. Wallace, then such conduct on the part of the defendant Johnson would constitute negligence on the part of the defendants, and if a proximate cause of plaintiff's injuries the defendants would be liable therefor . . . . "

[4] Plaintiff assigns as error that the court refused to submit the following issues which she tendered:

> "1. Was the plaintiff injured by the negligence of the defendants as alleged in the complaint?

2. If not, was the plaintiff injured by the negligence of the defendants, as alleged in the Amended Reply?"

Plaintiff contends that by submitting only one issue as to negligence, "the court absolved the defendants of their burden of proof on the affirmative defense raised in their answer and put the burden upon plaintiff to disprove defendants' affirmative defense." This argument is without merit. The jury was instructed as follows:

"The burden in this respect is on the defendants to show sudden illness or attack upon Mr. Johnson and that the illness or attack was unanticipated and unforeseen by Mr. Johnson and rendered him unable to control the operation of his car at the time in question. The defendants have the burden of satisfying you of this from the evidence and by its greater weight. In this respect, as to this rule of law and contention of the defendants, the Court instructs you that if the defendants have satisfied you from the evidence and by its greater weight that as the defendant Johnson was driving along N. C. Highway 58 eastwardly in the vicinity of the Nash Garment Company in Nashville at the time in question that he suffered from a brain stroke or loss of control of his mental and physical faculties from a sudden and unforeseeable seizure or sudden incapacitation which deprived him of the ability to act as a reasonable and prudent person would act in the operation of his automobile, and that he had no time to stop or cease the operation of his vehicle beforehand because of said condition, and that his mental or physical condition was such that he was not capable of sense perception and judgment, and that he was not consciously aware of his actions and had no reason to anticipate such attack upon him because of such sudden seizure or incapacitation, that he was rendered unable to control the operation of his car, and that because of such brain stroke and incapacitation he then collided with the plaintiff's vehicle, then and in that event the defendant Johnson would not be guilty of actionable negligence and the defendants would be entitled to have you answer the first issue 'No' in the defendants' favor, the burden being upon the defendants in this respect as to the matter about which I have just instructed you."

That the burden of proof on this defense was on the defendants was elsewhere repeated and clearly stated by the judge.

[5]   The issues as framed and tendered by the plaintiff were quite properly rejected. It is neither necessary nor appropriate to submit a separate issue as to every act of negligence alleged by the plaintiff. "Ordinarily, the form and number of issues to be submitted is a matter which rests in the sound discretion of the trial judge, it being sufficient that the issues be framed so as to present the material matters in dispute to enable each party to have the full benefit of his contentions before the jury and to enable the court, when the issues are answered, to determine the rights of the parties under the law." *Johnson v. Lamb,* 273 N.C. 701, 161 S.E. 2d 131. The issues submitted, under the clear and comprehensive instructions given by the court, were sufficient to enable the jury to resolve the material controversies in this case.

Plaintiff's other assignments of error have been carefully considered and are overruled. The case was well tried and ably argued on appeal. The crucial issues were resolved in a trial which we believe to have been free of prejudicial error.

No error.

Judges BROCK and GRAHAM concur.