NATHAN MOBLEY AND DEBRA SEKONA, PLAINTIFFS v. THE ESTATE OF
RAYMOND JOHNSON, DEFENDANT

No. 9212SC364

(Filed 3 August 1993)

**Automobiles and Other Vehicles § 536 (NCI4th) — automobile
accident — foreseeable medical emergency — genuine issues of
material fact — summary judgment improper**

In an action to recover for injuries arising out of an
automobile accident, the trial court erred in granting defend-
ant's motion for summary judgment where a genuine issue
of material fact existed as to whether defendant suffered a
sudden medical emergency (a stroke) at or immediately prior
to the accident and whether this emergency was foreseeable
to defendant.

**Am Jur 2d, Automobiles and Highway Traffic § 773.**

Appeal by plaintiffs from order signed on 9 December 1991
and filed 13 December 1991 by Judge E. Lynn Johnson in Cumberland
County Superior Court. Heard in the Court of Appeals 10 March 1993.

On 13 November 1990, plaintiffs filed this action against de-
fendant for injuries arising out of an automobile accident with
Raymond Johnson, who is now deceased. In his complaint, plaintiff
Nathan Mobley alleged that Johnson injured him through his
negligent act of driving left of the center line and into the opposing
lane of traffic on the wrong side of the road thus hitting the car
Mobley was driving and causing him physical injuries. In her com-
plaint, plaintiff Debra Sekona, Mobley's wife, alleged that Johnson's
negligent acts while driving damaged her in that these acts dam-
aged her vehicle and injured her husband. In addition, these com-
plaints alleged that Johnson was driving while intoxicated, driving

in a careless and reckless manner, that Johnson had an open liquor bottle in the car he was driving, and that he failed to keep proper control of his car or to look to see that he could make the movement he made safely.

On 11 January 1991, defendant filed answers to these complaints denying the allegations of negligence and asserting the defense that Johnson suffered a sudden medical emergency at or immediately prior to the accident and that this emergency was unforeseeable and unknown to Johnson such that plaintiffs are not entitled to recover from defendant. On 3 June 1992, a consent order consolidating these cases was filed. On 19 November 1991, the defendant filed a motion for summary judgment, and on 9 December 1991, Judge E. Lynn Johnson signed an order granting defendant's motion. From this order, plaintiffs appeal.

*Bruce Allen for plaintiff-appellants.*

*Sanford W. Thompson, IV and Rudolph G. Singleton, Jr. for defendant-appellee.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in granting defendant's motion for summary judgment. For the reasons stated below, we find that the trial court did err and accordingly reverse the order.

Summary judgment is the device whereby judgment is rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). "Thus a defending party is entitled to summary judgment if he can show that claimant cannot prove the existence of an essential element of his claim, . . . or cannot surmount an affirmative defense which would bar the claim." *Dickens v. Puryear*, 302 N.C. 437, 453, 276 S.E.2d 325, 335 (1981) (citation omitted). Upon a motion for summary judgment by the defending party, the claimant is not required to present any evidence to support his claim for relief until the defending party has established his right to judgment as a matter of law. *Miller v. Triangle Volkswagen, Inc.*, 55 N.C. App. 593, 598, 286 S.E.2d 608, 611 (1982).

"In ruling on a motion for summary judgment the evidence is viewed in the light most favorable to the non-moving party." *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986). Further, "[s]ummary judgment is rarely appropriate in a negligence action." *Federal Paper Bd. Co. v. Kamyr, Inc.*, 101 N.C. App. 329, 332, 399 S.E.2d 411, 413, *disc. review denied*, 328 N.C. 570, 403 S.E.2d 510 (1991).

## I.

In the present case, plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment based on the contention that a genuine issue of material fact exists as to defendant's negligence. On its motion for summary judgment, defendant has the burden of showing that no genuine issue of material fact exists. *See, Holley v. Burroughs Wellcome Co.*, 318 N.C. 352, 355, 348 S.E.2d 772, 774 (1986). Defendant could prevail on its motion if its evidence shows that defendant has an affirmative defense which would bar the claims made by the plaintiffs. *See, Dickens, supra.* Accordingly, in support of its motion for summary judgment, defendant has attempted to prove that the defense of sudden medical emergency or incapacitation is a bar to the claims of Mobley and Sekona.

This Court has recognized the defense of sudden incapacitation in negligence cases involving automobile accidents. *See, Wallace v. Johnson*, 11 N.C. App. 703, 182 S.E.2d 193, *cert. denied*, 279 N.C. 397, 183 S.E.2d 247 (1971); *Smith v. Garrett*, 32 N.C. App. 108, 230 S.E.2d 775 (1977). "By the great weight of authority the operator of a motor vehicle who becomes *suddenly stricken by a fainting spell or other sudden and unforeseeable incapacitation*, and is, *by reason of such unforeseen disability, unable to control the vehicle*, is not chargeable with negligence." *Wallace*, 279 N.C. at 705, 183 S.E.2d at 194 (emphasis added). " 'But one who relies upon such a sudden unconsciousness to relieve him from liability must show that the accident was *caused by reason of this sudden incapacity.* ' " *Id.* (emphasis added) (citation omitted). "In North Carolina the burden is on the party asserting sudden incapacitation to prove the defense by the greater weight of the evidence." *Smith*, 32 N.C. App. at 110-11, 230 S.E.2d at 777.

Thus, in order to prevail on its summary judgment motion based on the defense of sudden incapacitation, defendant's evidence in the present case must show that there is no genuine issue of

MOBLEY v. ESTATE OF JOHNSON

[111 N.C. App. 422 (1993)]

material fact (1) that Johnson was stricken by a fainting spell or other sudden incapacitation, (2) that this incapacitation was unforeseeable to Johnson, (3) that Johnson was unable to control his vehicle because of this incapacitation, and (4) that this sudden incapacitation caused the accident such that defendant is entitled to judgment as a matter of law.

Defendant asserts the defense of sudden incapacitation based on its argument that Johnson suffered from a stroke before the accident which caused him to swerve over the center line and hit plaintiffs' car. In their brief, plaintiffs do not dispute that Johnson suffered a stroke, but instead they contend that insufficient evidence exists to show that Johnson suffered a stroke before the accident which subsequently caused the accident. Additionally, plaintiffs have not conceded that the stroke was unforeseeable to Johnson.

The evidence produced by defendant which tends to show that the stroke occurred before the accident is as follows: One of the surgeons who operated on Johnson before he died stated in a written narrative summary, "Very few details are available [about the accident]; however, one person did note that the patient slumped over the steering wheel prior to the accident." Additionally, defendant submitted a deposition given by Dr. Arthur Davis in which Dr. Davis testified that in his opinion, Johnson suffered a spontaneous hemorrhage. When asked what he meant by spontaneous hemorrhage, Davis testified that Johnson suffered a stroke unrelated to trauma. When asked if by this description he meant that the automobile accident did not cause the stroke, Davis answered, "By the combination of various physical factors and the high blood pressure and the arteriolosclerosis, it was a normal course of events."

Further, Davis testified that he based this opinion on the fact that no trauma to the head was recorded by the autopsy protocol except for the term " 'Blunt trauma' which was not substantiated by the description [following the term.]" Johnson's ex-wife, who was married to Johnson from 1955 to 1985, also testified in a deposition submitted to the trial court that Johnson did not have any heart problems which she was aware of and that he had never had any major health problems.

In addition to the evidence which defendant argues in support of its sudden incapacitation defense, our review of the evidence also shows that the autopsy report contains a summary of Johnson's

injuries which includes a section entitled "Blunt trauma to head". Underneath this section is the following list describing the injuries Johnson sustained to his head: (a) subarachnoid hemorrhage of the cerebellum, (b) subarachnoid hemorrhage of the posterior cerebrum, and (c) no apparent skull fractures. In his deposition, Dr. Davis declined to give an opinion as to what the pathologist meant by "Blunt trauma to head". Further, Johnson's ex-wife, testified in her deposition that Johnson was taking medication for high blood pressure during their marriage, which testimony conflicted with her previous testimony that Johnson did not have any heart problems. There is no evidence contained in the autopsy report that shows the presence of blood pressure medicine. Further, Johnson's ex-wife testified that she does not remember anything about the last time he would have seen a doctor for his high blood pressure nor did she know any doctor whom Johnson was seeing for this condition.

Our review of the evidence shows that a genuine issue of material fact exists in the record and that defendant has not established that it is entitled to summary judgment as a matter of law. If a jury believes the evidence concerning Johnson's prior good health, such that a stroke would have been unforeseeable to him and the evidence tending to show Johnson's stroke occurred before the accident, thereby causing the accident, then the logical inference would be that Johnson suffered a sudden incapacitation. *See, Smith*, 32 N.C. App. at 111, 230 S.E.2d at 778. On the other hand, if a jury believes the evidence which tended to show that Johnson's stroke occurred at or just after the impact of the accident, as it could have been caused by some "Blunt trauma", then this evidence could lead to the equally plausible inference that the accident was caused by the negligence of the deceased and that the sudden trauma of the impact induced his stroke. *See, id.* Additionally, even if a jury believes the evidence that the stroke occurred before the accident but believes the evidence that Johnson should have foreseen this stroke, then this evidence could also lead to the inference that the accident was caused by Johnson's negligence.

The resolution of this question of fact was for the jury to determine. *See, id.* Accordingly, we reverse the decision of the trial court granting defendant's motion for summary judgment.

## CONSIDINE v. WEST POINT DAIRY PRODUCTS

[111 N.C. App. 427 (1993)]

### II.

Next, plaintiffs contend that the trial court erred in admitting Dr. Davis' testimony as an expert witness based upon the argument that he based his opinion upon materials which could not reasonably be relied upon. Our review of plaintiffs' arguments and of the opinion of Dr. Davis find no support for plaintiffs' contention. Thus, this assignment of error is without merit.

Reversed and Remanded.

Judges WELLS and MARTIN concur.