WILLIE ELAINE SPIVERY WORD, Administrator CTA of the Estate of BERTHA C. SPIVERY, Plaintiff v. DOROTHY GALLOWAY JONES, by and through her Guardian, HARRIET B. MOORE, Defendant

No. COA97-1483

(Filed 7 July 1998)

**1. Trials— failure to move for directed verdict—sufficiency of evidence waived**

In an action arising from an automobile acccident, the sufficiency of defendant's evidence of sudden emergency was not properly preserved for appellate review where plaintiff failed to move for a directed verdict at the close of defendant's evidence.

**2. Negligence— sudden incapacitation—instructions**

The trial court erred in its instructions on sudden incapacitation in an action arising from an automobile accident where defendant suffered from Alzheimer's. The court instructed the

jury that defendant must be unable to control the vehicle because of the sudden incapacitation "or that she was not capable of sense perception or judgment necessary for proper operation of her vehicle due to medically caused incapacitation"; this charge would permit the incapacitation defense to apply without loss of consciousness.

Appeal by plaintiff from judgment entered 19 May 1997 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 2 June 1998.

This is a negligence action arising out of an automobile collision on 14 October 1993. The undisputed facts are that the defendant, Dorothy Galloway Jones, was driving her 1988 Buick automobile east in the right westbound lane of travel on New Bern Avenue, i.e. against traffic and in the wrong direction, when she collided with a 1982 Mazda automobile driven by Denise Holder. Plaintiff Bertha C. Spivery was a passenger in the front seat of the Mazda. Plaintiff suffered permanent injuries as a result of the accident.

On 4 December 1995, plaintiff filed this action against the defendant seeking compensatory damages for injuries suffered in the accident. On 10 January 1996, defendant answered denying all material allegations of negligence and specifically pleading as an affirmative defense that the accident "was caused by a sudden and unexpected medical emergency which caused defendant to black out and lose consciousness prior to the occurrence of the accident." Plaintiff died in August 1996, and Willie Elaine Spivery Word, Administrator CTA of the Estate of Bertha C. Spivery, was substituted as plaintiff on 9 December 1996.

Trial commenced 12 May 1997. At the close of all the evidence, the parties submitted proposed jury instructions. During the charge conference, plaintiff objected to a jury instruction on the issue of sudden medical incapacitation because plaintiff argued there was insufficient evidence to have the affirmative defense submitted to the jury. The objection was overruled and the trial court charged the jury including an instruction on sudden medical incapacitation. Following the jury charge, plaintiff renewed their objection to the instruction on sudden medical incapacitation, and adding that the jury charge should have included instructions that the defendant had to prove that she had no time to stop or cease the operation of her vehicle before the collision because of the sudden incapacitation, and that

**WORD v. JONES**

[130 N.C. App. 100 (1998)]

the defendant was not consciously aware of her actions. The trial court overruled the objection. On 16 May 1997 the jury returned a verdict for defendant. The trial court entered judgment on 19 May 1997. The plaintiff moved for judgment notwithstanding the verdict, which the trial court denied, and for a new trial. The plaintiff's motion for a new trial was denied 13 June 1997. Plaintiff appeals.

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by Adam Stein, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Robert W. Sumner and Edward C. LeCarpentier III, and the Law Offices of H. Spencer Barrow, by H. Spencer Barrow, for defendant-appellee.*

EAGLES, Chief Judge.

We first consider whether the trial court erred in allowing the jury to consider defendant's incipient affliction with Alzheimer's disease as a defense and whether there was sufficient evidence to support the defense that plaintiff suffered a sudden medical incapacitation resulting from transient ischemic attack or cardiac arrhythmia.

The plaintiff argues that "the trial court improperly extended the doctrine of sudden medical incapacitation to excuse the conduct of a driver who may have been confused because of her 'early Alzheimer's disease.'" Plaintiff first argues that allowance of the defense was error because the defense has never been extended to the effects of Alzheimer's disease or other mental illnesses in North Carolina, and has been limited to instances where the defendant was rendered unconscious by a medical event. Second, plaintiff argues that sudden unconsciousness is an element, and the Alzheimer's defense must fail here because its assertion was not based on defendant's loss of consciousness. Third, plaintiff asserts that early Alzheimer's disease cannot support a defense of sudden incapacitation because the effects of the disease are neither sudden nor unforseen. Fourth, plaintiff argues that the trial court erred because the contention that Alzheimer's disease caused defendant's negligent driving is not supported by the evidence and is entirely speculative.

Plaintiff also argues that there was insufficient evidence to support the defense that defendant became incapacitated as a result of either a transient ischemic attack ("TIA") or cardiac arrhythmia. The doctors found no evidence that she lost consciousness, witnesses saw defendant driving the car into oncoming traffic, and defendant

WORD v. JONES

[130 N.C. App. 100 (1998)]

told paramedics and others at the accident scene that she did not lose consciousness. Additionally, plaintiff asserts that "[t]he medical support for the TIA defense is simply that she had medical conditions common to people her age." Accordingly, plaintiff argues that the defense of sudden medical incapacitation was not supported by the evidence and that she is entitled to a new trial.

Defendant argues that the trial court correctly submitted the defense of sudden medical incapacitation to the jury for two reasons. First, defendant contends that plaintiff waived her right to object to the submission of the defense by failing to move for a directed verdict at the close of defendant's case-in-chief. Defendant contends that a motion for directed verdict under Rule 50 is "the only method for challenging the sufficiency of the evidence to take the case to the jury." G. Gray Wilson, *North Carolina Civil Procedure* § 50-1, at 153 (2d ed. 1995). Second, plaintiff maintains that even if plaintiff had properly challenged the sufficiency of defendant's evidence, there was more than ample evidence to submit the issue of sudden incapacitation to the jury. Defendant maintains that there was evidence that defendant had "blacked out" and was not conscious as she operated her car, and it was the duty of the jury to resolve the conflict in the evidence. Accordingly, defendant argues that the judgment should be affirmed.

[1] The plaintiff challenges on appeal the sufficiency of defendant's evidence of sudden incapacitation. However, we note that defendant is correct that plaintiff failed to move for directed verdict at the close of defendant's evidence. By failing to challenge the sufficiency of defendant's evidence by a motion for directed verdict at the end of defendant's case-in-chief, plaintiff could not properly challenge the sufficiency of the evidence by a motion for judgment notwithstanding the verdict. *See Graves v. Walston*, 302 N.C. 332, 338, 275 S.E.2d 485, 488 (1981). Accordingly, the sufficiency of defendant's evidence was never properly raised at trial and the issue was not properly preserved for appellate review. The assignment of error is overruled.

[2] We next consider whether the trial court erred in its instructions to the jury on the affirmative defense of sudden incapacitation. The trial court instructed the jury that defendant must show by the greater weight of the evidence:

First, that she was stricken by a sudden medically caused incapacitation. Two, that this medically caused incapacitation was unforeseeable to the defendant, Dorothy Galloway Jones. And

three, that the defendant, Dorothy Jones, was unable to control her automobile because of this medically caused incapacitation. No. Let me repeat three. That the defendant, Dorothy Jones was either unable to control her automobile because of this medically caused incapacitation, or that she was not capable of sense perception or judgment necessary for proper operation of her vehicle due to the medically caused incapacitation. And four, that this medically caused incapacitation caused the motor vehicle accident in question. Those are the four things that the defendant must prove by the greater weight of the evidence. If she has proven this to you, all of this, then she would not be negligent.

Plaintiff argues that the trial court erred in rejecting its proposed charge dealing with sudden medical incapacitation. Plaintiff argues that the trial court in its instruction impermissibly lightened the burden on defendant by instructing in part three of the trial court's instruction in the disjunctive rather than the conjunctive, and by allowing the jury to consider "sense perception" and "judgment" alternatively. Plaintiff argues that this instruction eliminated an essential element of the defense which required a medical condition to render defendant unable to control the vehicle. Instead, plaintiff contends that, as instructed, the jury could have rested its decision on a determination that her sense perception was impaired but not to the extent of unconsciousness.

Plaintiff additionally argues that the court erred in refusing to instruct "[t]hat the Defendant had no time to stop or cease the operation of her vehicle before hand [sic] because of the sudden incapacitation." Plaintiff contends that she was entitled to this instruction which would focus on the defendant's failure to stop the vehicle as she drove into oncoming traffic for three-tenths of a mile before the collision. Plaintiff also contends the trial court erred in refusing to instruct "that she [the Defendant] was not consciously aware of her actions." Plaintiff contends that this was an essential element of the defense of sudden incapacitation. *See Wallace v. Johnson*, 11 N.C. App. 703, 705, 182 S.E.2d 193, 194, *cert. denied*, 279 N.C. 397, 183 S.E.2d 247 (1971).

Plaintiff asserts that the defendant's unconsciousness is crucial to defendant being able to assert the sudden medical incapacitation defense. Plaintiff maintains that "Alzheimer's-induced confusion" is insufficient to support defendant's defense, and defendant should have been required to prove that she was unconscious of her actions.

Plaintiff argues that since there was evidence that defendant was conscious at the time of the collision, it was error not to give plaintiff's requested instructions.

Defendant maintains that the jury charge was consistent with this court's recent opinion in *Mobley v. Estate of Johnson*, 111 N.C. App. 422, 432 S.E.2d 425 (1993). Defendant contends that the only difference was the trial court's explanation of the third element of the defense, which defendant asserts was approved by this Court in *Wallace*. Additionally, defendant contends that Alzheimer's disease is a medical condition, and that the condition produced an unexpected "sensory overload" which caused the incapacitation. Defendant argues that this type of condition can be the basis of a sudden incapacitation defense. *See Wallace*, 11 N.C. App. at 707, 182 S.E.2d at 195. Accordingly, the defendant asks the court to affirm the judgment of the trial court.

After careful review of the record, excellent briefs and arguments, and contentions of the parties, we reverse. Our Court announced the elements of sudden medical incapacitation in *Mobley*. To prevail on the defense of sudden medical incapacitation, defendant must show "(1) that [she] was stricken by a . . . sudden incapacitation, (2) that this incapacitation was unforeseeable to [defendant], (3) that [defendant] was unable to control [her] vehicle because of this incapacitation, and (4) that this sudden incapacitation caused the accident . . . ." *Id.* at 425, 432 S.E.2d at 427. The issue here is what is meant by the third element, "unable to control [her] vehicle because of this incapacitation." *Id.* The trial court instructed the jury that defendant must be unable to control the vehicle because of the sudden incapacitation, "*or* that she was not capable of sense perception *or* judgment necessary for proper operation of her vehicle due to the medically caused incapacitation." (Emphasis added). This instruction was in error.

In *Wallace*, the trial court's instructions explained this third element as:

incapacitation which deprived [defendant] of the ability to act as a reasonable and prudent person would act in the operation of his automobile, and that he had no time to stop or cease the operation of his vehicle beforehand because of said condition, and that his mental or physical condition was such that he was not capable of sense perception and judgment, and that he was not consciously aware of his actions and had no reason to anticipate

such attack upon him because of such sudden seizure or incapacitation, that he was rendered unable to control the operation of his car . . . .

*Id.* at 707, 182 S.E.2d at 195. The trial court's additional instruction in the disjunctive, plus the failure to include as explanation that defendant "had no time to stop or cease the operation of the vehicle beforehand because of said condition" and defendant "was not consciously aware of her actions" constituted reversible error because his instruction improperly expanded the scope of the sudden incapacitation defense. In *Wallace*, we stated that:

> By the great weight of authority the operator of a motor vehicle who becomes suddenly stricken *by a fainting spell or other sudden and unforeseeable incapacitation*, and is, by reason of such unforeseen disability, unable to control the vehicle, is not chargeable with negligence. 'But one who relies upon *such a sudden unconsciousness* to relieve him from liability must show that the accident was caused by reason of this sudden incapacity.'

*Id.* at 705, 182 S.E.2d at 194 (emphasis added) (citations omitted). The trial court's charge would permit the incapacitation defense to apply to incapacity without loss of consciousness. Instead, a verdict could stand upon the jury's determination that defendant's senses or judgment was impaired, although the defendant was not unconscious, and that the impairment rendered her unable to control her vehicle.

Practical considerations also support a requirement of loss of consciousness as an element of the sudden medical incapacitation defense. "Confusion" and "disorientation" are somewhat vague, imprecise, and subjective terms. They present the potential to foster fraud and abuse of the sudden medical incapacitation defense. "Unconsciousness" is a workable, objective test that is more easily understood and applied to measure sudden medical incapacitation.

Accordingly, the judgment of the trial court is reversed and remanded for new trial.

Reversed and remanded.

Judges WALKER and HORTON concur.