WILLIE ELAINE SPIVERY WORD, ADMINISTRATOR CTA OF THE ESTATE OF BERTHA C. SPIVERY v. DOROTHY GALLOWAY JONES, BY AND THROUGH HER GUARDIAN, HARRIET B. MOORE

No. 336PA98

(Filed 25 June 1999)

### 1. Negligence— sudden incapacitation—instructions

The North Carolina Supreme Court, in a case of first impression before it, adopted the following as the elements of the defense of sudden incapacitation: The defendant was stricken by sudden incapacitation; this incapacitation was unforeseeable to the defendant; the defendant was unable to control the vehicle as a result of this incapacitation; and this sudden incapacitation caused the accident. The defendant has the burden of proving each of these elements by a preponderance of the evidence.

**2. Negligence— sudden incapacitation—unconsciousness**

The Court of Appeals erred in an action arising from an automobile accident by holding that jury instructions on sudden incapacitation should have included an instruction on unconsciousness. While unconsciousness may be more easily understood and applied to measure sudden medical incapacitation, the crux of the defense is that a defendant by reason of sudden incapacitation becomes unable to control the vehicle. The resolution of disputed facts has historically been left to the jury upon proper instructions.

**3. Negligence— sudden incapacitation—disjunctive instruction—new trial**

A plaintiff in an action arising from an automobile accident was entitled to a new trial where the jury charge given by the court on sudden incapacitation allowed the jury to find for defendant if defendant was either unable to control her vehicle or not capable of sense perception or judgment necessary for proper operation of her vehicle. Because the judge used the disjunctive, it cannot be said that the jury found that defendant was unable to control her vehicle because of sudden incapacitation.

**4. Negligence— sudden incapacitation—Alzheimer's**

The trial court did not err in an action arising from an automobile accident where plaintiff contended that the court improperly extended the sudden incapacitation defense by submitting sudden incapacitation based upon Alzheimer's. During the trial, defendant presented three medical explanations supporting the defense of sudden incapacitation which went directly to the elements: Alzheimer's disease, TIA, and arrhythmia. The testimony of defendant's two medical experts was neither objected to nor controverted.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 130 N.C. App. 100, 502 S.E.2d 376 (1998), reversing a judgment entered by Barnette, J., on 19 May 1997 in Superior Court, Wake County, and remanding for new trial. Heard in the Supreme Court 9 February 1999.

WORD v. JONES

[350 N.C. 557 (1999)]

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by Adam Stein, for plaintiff-appellant and -appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Robert W. Sumner and Edward C. LeCarpentier III; and Law Offices of H. Spencer Barrow, by H. Spencer Barrow, for defendant-appellant and -appellee.*

PARKER, Justice.

This negligence action arose out of an automobile accident that occurred on 14 October 1993. Plaintiff's testate, Bertha C. Spivery, was a passenger in the front seat of an automobile being driven by her daughter, Denise Holder, in a westerly direction on New Bern Avenue. Defendant Dorothy Galloway Jones was driving south on Trawick Road to the intersection of New Bern Avenue. At that point New Bern Avenue is a divided highway with two lanes for eastbound travel and two lanes for westbound travel. Defendant turned left in an easterly direction onto New Bern Avenue; however, she turned into the inside westbound lane of oncoming traffic. Defendant traveled approximately three-tenths of a mile before her automobile collided head-on with the automobile driven by Ms. Holder. The right front of defendant's automobile struck the right front of the automobile driven by Ms. Holder. Defendant's automobile traveled approximately 136 feet before stopping after the collision. As a result of the accident, Ms. Spivery suffered permanent injuries. Although Ms. Spivery died after the commencement of this civil action, the parties agreed that Ms. Spivery's death was not the result of injuries received in the accident. As a result of defendant's medical condition, Harriet B. Moore was appointed guardian *ad litem* for defendant on 30 May 1996.

In her answer to plaintiff's complaint, defendant denied plaintiff's allegations of negligence and specifically pled as an affirmative defense "that the accident . . . was caused by a sudden and unexpected medical emergency which caused defendant to black out and lose consciousness prior to the occurrence of the accident." At trial defendant presented evidence tending to show that she had no recollection of the collision, that she had to be told that she was traveling the wrong way on New Bern Avenue, and that defendant did not apply the brakes either before or after the accident. Defendant also presented medical evidence that she had not been diagnosed with Alzheimer's disease prior to the accident and that a week before the

accident, her physician had cleared her to drive. Defendant's medical experts testified that, in their opinion, at the time of the accident defendant most likely experienced one of three medical conditions: (i) a sensory overload caused by Alzheimer's disease; (ii) a transient ischemic attack ("TIA"), often referred to as a mini-stroke; or (iii) a heart arrhythmia. Plaintiff's evidence tended to show that immediately before the accident, defendant was sitting upright behind the steering wheel, driving normally and that immediately after the accident, defendant was alert, asking about her dog and noting that she was on her way to a bank just up the street.

At the close of all the evidence at trial, plaintiff and defendant submitted proposed jury instructions to the trial court. Plaintiff objected to the instructions on the affirmative defense of sudden incapacitation based on the form of the proposed jury instructions and on the grounds that the evidence did not support submission of the defense. The trial court overruled plaintiff's objection and charged the jury on the issues of negligence and the sudden-incapacitation defense.

Following the jury charge plaintiff renewed her objection to the sudden-incapacitation defense and to the form of the instruction. The jury returned a verdict finding that plaintiff was not injured by defendant's negligence, and the court entered judgment on the verdict. Plaintiff's motions for judgment not withstanding the verdict and for a new trial were denied.

Plaintiff appealed, arguing, *inter alia*, that the trial court erred in its jury instructions on the affirmative defense of sudden incapacitation. The Court of Appeals, agreeing with plaintiff, held that the court's instructions "constituted reversible error because [its] instructions improperly expanded the scope of the sudden incapacitation defense" and granted a new trial. *Word v. Jones*, 130 N.C. App. 100, 106, 502 S.E.2d 376, 380 (1998). This Court allowed defendant's petition for discretionary review and plaintiff's conditional petition for discretionary review.

[1] The issue before this Court is whether the Court of Appeals erred in holding that the trial court did not properly charge the jury on the affirmative defense of sudden incapacitation, thereby entitling plaintiff to a new trial. The trial court's charge was as follows:

Now, as I have indicated to you, usually the burden of proof on a negligence issue is on the plaintiff. In other words, the plaintiff's

usual burden would be to prove that the defendant, Dorothy Jones, drove her vehicle east in a westbound lane, and that this caused the accident; as a result of this accident, there was injury to Bertha C. Spivery. They have proved this. So, as you will notice, the burden of proof shifts on this issue, and I so instruct you. With respect to the defendant['s] . . . contention, the burden of proof is on the defendant, Dorothy Galloway Jones to show by the greater weight of the evidence[,] first, that she was stricken by a sudden medically caused incapacitation; two, that this medically caused incapacitation was unforeseeable to the defendant, Dorothy Galloway Jones; and three, that the defendant, Dorothy Jones, was unable to control her automobile because of this medically caused incapacitation. No. Let me repeat three. That the defendant, Dorothy Jones[,] was either unable to control her automobile because of this medically caused incapacitation, or that she was not capable of sense perception or judgment necessary for proper operation of her vehicle due to the medically caused incapacitation. And four, that this medically caused incapacitation caused the motor vehicle accident in question. Those are the four things that the defendant must prove by the greater weight of the evidence. If she has proven this, all of this to you, then she would not be negligent.

In her proposed jury instructions, plaintiff requested that the trial court instruct the jury with respect to the sudden-incapacitation defense as follows:

Members of the jury, with respect to this contention and allegation, the burden is on the defendant Jones to show by the greater weight of the evidence:

(1) That she was stricken by a sudden incapacitation.

(2) That this incapacitation was unforeseeable to defendant Jones.

(3) That the defendant Jones was unable to control her automobile because of this incapacitation.

(4) That the Defendant had no time to stop or cease the operation of her vehicle before hand because of the sudden incapacitation.

(5) That her mental or physical condition was such that she was not capable of sense perception and judgment.

(6) That she was not consciously aware of her actions.

(7) That this incapacitation caused the motor vehicle accident in question.

Addressing the correctness of the instructions, the Court of Appeals concluded that "[t]he trial court's additional instruction in the disjunctive [in number three], plus the failure to include as explanation that defendant 'had no time to stop or cease the operation of the vehicle beforehand because of said condition' and defendant 'was not consciously aware of her actions' " was erroneous. *Word v. Jones*, 130 N.C. App. at 106, 502 S.E.2d at 380. Defendant contends that the Court of Appeals' holding expands the elements of the defense by requiring an instruction that defendant be unconscious.

This Court has never examined the sudden-incapacitation defense; thus, this case is one of first impression for this Court. As recognized by the Court of Appeals in the present case, that court in an earlier opinion with Judge (now Justice) Orr writing for the panel set forth the elements of the defense as follows: (i) the defendant was stricken by a sudden incapacitation, (ii) this incapacitation was unforeseeable to the defendant, (iii) the defendant was unable to control the vehicle as a result of this incapacitation, and (iv) this sudden incapacitation caused the accident. *Mobley v. Estate of Johnson*, 111 N.C. App. 422, 425, 432 S.E.2d 425, 427 (1993). We now hold that these elements of the defense of sudden incapacitation as set forth in *Mobley* are a correct statement of the defense and adopt them as the law of this State. To prevail on this defense as a bar to recovery for otherwise-negligent conduct, a defendant has the burden of proving each of these elements by a preponderance of the evidence.

[2] In the present case the Court of Appeals in holding that the trial court erred by failing to instruct that "defendant was not consciously aware of her actions," stated:

Practical considerations also support a requirement of loss of consciousness as an element of the sudden medical incapacitation defense. "Confusion" and "disorientation" are somewhat vague, imprecise, and subjective terms. They present the potential to foster fraud and abuse of the sudden medical incapacitation defense. "Unconsciousness" is a workable, objective test that is more easily understood and applied to measure sudden medical incapacitation.

*Word v. Jones,* 130 N.C. App. at 106, 502 S.E.2d at 380. The Court of Appeals relied upon language from *Wallace v. Johnson,* 11 N.C. App. 703, 182 S.E.2d 193, *cert. denied,* 279 N.C. 397, 183 S.E.2d 247 (1971), which implies that unconsciousness is a requirement. In that case the court stated:

> [B]y the great weight of authority the operator of a motor vehicle who becomes suddenly stricken by a fainting spell or other sudden and unforeseeable incapacitation, and is, by reason of such unforeseen disability, unable to control the vehicle, is not chargeable with negligence. Annotation, 28 A.L.R.2d 12 (1953), and cases cited. "But one who relies upon such a sudden unconsciousness to relieve him from liability must show that the accident was caused by reason of this sudden incapacity." 8 Am. Jur. 2d, *Automobiles and Highway Traffic,* § 693, p. 245.

*Wallace v. Johnson,* 11 N.C. App. at 705, 182 S.E.2d at 194.

Defendant argues that including the element of unconsciousness improperly narrows the affirmative defense. We agree. While unconsciousness may be "more easily understood and applied to measure sudden medical incapacitation," *Word v. Jones,* 130 N.C. App. at 106, 502 S.E.2d at 380, in cases where the evidence is unequivocal, the evidence is rarely that definitive, *see, e.g., Smith v. Garrett,* 32 N.C. App. 108, 111, 230 S.E.2d 775, 778 (1977) (holding that it is for the jury to determine whether the sudden seizure preceded the accident). The crux of the defense is that a defendant by reason of sudden incapacitation becomes unable to control the vehicle. Where, as in this case, the evidence is conflicting and subject to more than one inference, the resolution of disputed facts has historically been left to the jury upon proper instructions. Whether a defendant suffered a sudden, unforeseen incapacitation is a matter of proof; and determination of that question should be no more difficult for a jury than is the determination of a myriad of other factual questions requiring jurors to discriminate between conflicting expert testimony and conflicting non expert testimony.

As noted in defendant's brief, requiring unconsciousness has the potential for under-inclusiveness depending upon how "consciousness" is defined. For example, a defendant suffering from the onset of a medical emergency may not be rendered immediately unconscious, yet may, in the moments before unconsciousness, be in such extreme pain as to be incapable of controlling the operation of a motor vehicle. Without the benefit of medical evidence, we are not prepared to

exclude from the applicability of the defense of sudden incapacitation situations which might render a defendant suddenly incapable of controlling a motor vehicle without rendering the defendant unconscious. We are satisfied that the four elements adopted above from *Mobley* provide a sufficient framework for a reasonable juror, upon proper instructions, to determine the legitimacy of the defense of sudden incapacitation without the additional element of unconsciousness. Accordingly, we hold that the Court of Appeals erred in holding that the jury instructions should have included an instruction on unconsciousness.

[3] Defendant also argues with respect to the instructions that the Court of Appeals erred in holding that the trial court improperly instructed the jury in the disjunctive on the third element. On this element the trial judge corrected himself and instructed: "No. Let me repeat three. That the defendant, Dorothy Jones[,] was either unable to control her automobile because of this medically caused incapacitation, or that she was not capable of sense perception or judgment necessary for proper operation of her vehicle due to the medically caused incapacitation." Again, quoting from *Wallace*, 11 N.C. App. at 707, 182 S.E.2d at 195, the Court of Appeals determined that this instruction along with the failure to instruct on loss of consciousness enabled the jury to determine that defendant's senses or judgment was impaired and that the impairment rendered her unable to control the vehicle although defendant was not unconscious.

We note initially that the jury instruction quoted in *Wallace v. Johnson, id.*, which has been relied on by plaintiff and the lower courts in this action, was *obiter dictum* in that opinion and that the instruction was neither approved nor ruled on by the Court of Appeals. In *Wallace* the plaintiff argued that the trial court shifted to the plaintiff the burden of disproving the affirmative defense of sudden incapacitation by failing to submit the issues to the jury in the form requested by the plaintiff. No challenge was made to the instruction. The form of the issues requested by the plaintiff was clearly improper, and the Court of Appeals quoted the instruction merely to show that the trial court did not in any way shift to the plaintiff the burden of disproving the affirmative defense. Hence, that instruction is neither authority nor precedent for what is required in an instruction charging the jury on the defense of sudden incapacitation.

Defendant in this case contends that even if the instruction was erroneous, plaintiff must also show prejudice for the error to consti-

**WORD v. JONES**

[350 N.C. 557 (1999)]

tute reversible error. Rule 61 of the North Carolina Rules of Civil Procedure provides that erroneous jury instructions are not grounds for granting a new trial unless the error affected a substantial right. N.C.G.S. § 1A-1, Rule 61 (1990). In other words it must be shown that "a different result would have likely ensued had the error not occurred." *Responsible Citizens in Opposition to the Flood Plain Ordinance v. City of Asheville*, 308 N.C. 255, 271, 302 S.E.2d 204, 214 (1983); *see also Barnard v. Rowland*, 132 N.C. App. 416, 429, 512 S.E.2d 458, 466 (1999) (holding that the party asserting error must show that he was prejudiced by the trial court's error).

As previously stated, in order to prove the third element of the affirmative defense, defendant must show that the sudden incapacitation resulted in defendant's inability to control her vehicle. However, under the given jury charge, the jury was able to find for defendant if defendant was either unable to control her vehicle *or* not capable of sense perception or judgment necessary for proper operation of her automobile. Since the judge used the disjunctive "or" instead of the conjunctive "and" when instructing on this element, we cannot say that the jury found that defendant Dorothy Jones was unable to control her vehicle because of a sudden incapacitation. *See Murrow v. Daniels*, 321 N.C. 494, 497, 364 S.E.2d 392, 395 (1988) (stating that when jury instructions are reviewed, they must be considered in their entirety). Thus, the instruction permitted defendant to prevail without the jury necessarily finding that defendant was unable to control her automobile. Consequently, we are unable to say as a matter of law that plaintiff was not prejudiced by this erroneous jury instruction and conclude that plaintiff is entitled to a new trial.

[4] Based on plaintiff's issue in her petition for discretionary review, plaintiff contends that submission of the sudden-incapacitation defense based upon Alzheimer's disease was error. Plaintiff argues that submitting that defense improperly extends the sudden-incapacitation defense to mental illnesses and deficiencies which do not excuse negligence; plaintiff further argues that Alzheimer's disease does not cause unconsciousness and that its effects are not unforeseen or sudden. Plaintiff's argument is without merit.

During the trial defendant presented three different medical explanations supporting the defense of sudden incapacitation: Alzheimer's disease, TIA, and arrhythmia. This evidence went directly to the elements of sudden incapacitation. The testimony of defend-

ant's two witnesses, both qualified as medical experts, in substantiation of her affirmative defense was neither objected to nor controverted by plaintiff. For example, defendant presented evidence that she had not previously been diagnosed with and had never before experienced any of the three possible medical conditions which tended to show the second element of the affirmative defense, namely whether the incapacitation was foreseeable. Therefore, the trial court properly submitted to the jury the issue of whether defendant suffered a sudden, unforeseen incapacitation which caused her to lose control of her vehicle and caused the accident. *See MacClure v. Accident & Cas. Ins. Co. of Winterthur, Switzerland*, 229 N.C. 305, 312, 49 S.E.2d 742, 748 (1948) (holding that when plaintiff introduces sufficient evidence to prove a *prima facie* case and defendant has made an affirmative defense, then the case should go to the jury). This procedure is particularly appropriate where, as here, plaintiff failed to make a motion for directed verdict at the close of evidence. *See Creasman v. First Fed. Sav. & Loan Ass'n of Hendersonville*, 279 N.C. 361, 366, 183 S.E.2d 115, 118 (1971) (stating that a "motion for directed verdict is . . . the only procedure by which a party can challenge the sufficiency of his adversary's evidence to go to the jury"), *cert. denied*, 405 U.S. 977, 31 L. Ed. 2d 252 (1972); 2 G. Gray Wilson, *North Carolina Civil Procedure* § 50-1, at 153 (2d ed. 1995). Further, by failing to move for a directed verdict at the close of all the evidence, plaintiff failed to preserve her right to move for a judgment notwithstanding the verdict. *Tatum v. Tatum*, 318 N.C. 407, 408, 348 S.E.2d 813, 813 (1986); *Graves v. Walston*, 302 N.C. 332, 338, 275 S.E.2d 485, 488-89 (1981). Accordingly, plaintiff's assignment of error is overruled.

Thus, we affirm the decision of the Court of Appeals reversing the trial court and remanding for new trial. However, to the extent that the Court of Appeals required elements of the sudden-incapacitation defense in conflict with or in addition to those enumerated in *Mobley*, that portion of the Court of Appeals' decision is hereby disavowed. As modified herein the decision of the Court of Appeals is affirmed.

MODIFIED AND AFFIRMED.