SINCLAIR A. PARKER, JR., Plaintiff v. MICHAEL WILLIS, Defendant

No. COA03-1711

(Filed 21 December 2004)

**1. Appeal and Error— preservation of issues—failure to make motion for directed verdict—contributory negligence**

Although plaintiff contends the trial court erred by submitting to the jury the question of whether plaintiff was contributorily negligent with respect to a motor vehicle accident between the parties, this assignment of error is dismissed because by failing to make a motion for a directed verdict on the affirmative defense of contributory negligence, plaintiff did not properly preserve the issue of the sufficiency of defendant's evidence for appellate review.

**2. Negligence— doctrine of last clear chance—instruction**

The trial court erred in a negligence case arising out of a motor vehicle accident by refusing to instruct the jury on the doctrine of last clear chance and plaintiff is entitled to a new trial, because: (1) viewed in the light most favorable to plaintiff, the evidence supported a reasonable inference that plaintiff, by the exercise of reasonable care, could not have escaped the position of peril in which he negligently placed himself; (2) the jury could have inferred that if defendant had been keeping a proper lookout, as was his duty with the exercise of reasonable care, defendant should have seen plaintiff before backing into the road and should have waited for plaintiff to pass before suddenly blocking his path; (3) defendant testified that he had an unobstructed view of and was familiar with the road on which plaintiff was traveling when defendant backed out; and (4) defendant does not argue that he would have been unable to wait for plaintiff to pass had he seen plaintiff.

Appeal by plaintiff from judgment entered 10 June 2003 by Judge Jerry Braswell in Pender County Superior Court. Heard in the Court of Appeals 21 September 2004.

*Brumbaugh, Mu & King, P.A., by Richard A. Mu, for plaintiff-appellant.*

*Johnson, Lambeth & Brown, by Maynard M. Brown, for defendant-appellee Michael Willis.*

*Ennis, Newton & Baynard, P.A., by Stephen C. Baynard, for defendant-appellee North Carolina Farm Bureau Mutual Insurance Company.*

THORNBURG, Judge.

Sinclair A. Parker, Jr. ("plaintiff") appeals a judgment finding him contributorily negligent with respect to a motor vehicle accident between plaintiff and Michael Willis ("defendant").

The underlying facts involve a motor vehicle accident that occurred on 29 May 2000 on Carter Road in Bladen County, North Carolina. Plaintiff was driving a motorcycle eastward on Carter Road. Defendant had pulled his car to the side of the road, but backed into plaintiff's lane in an attempt to turn around. Plaintiff's motorcycle hit the back of defendant's car, causing plaintiff to be thrown from the motorcycle and into a ditch. Plaintiff suffered multiple injuries as a result of the collision.

Plaintiff filed a complaint alleging that defendant's negligence caused plaintiff's injuries and resulting medical expenses and lost earnings. Defendant's answer denied any negligence by defendant but also alleged that, if defendant were actionably negligent, plaintiff's contributory negligence barred any recovery by plaintiff. The case was called for trial by jury on 19 May 2003 in Pender County Superior Court. The jury returned a verdict indicating that plaintiff was injured by defendant's negligence. However, the jury also found that plaintiff contributed to his injury by his own negligence. Plaintiff appeals.

[1] Plaintiff first argues that the trial court erred by submitting to the jury the question of whether plaintiff was contributorily negligent. We first consider defendant's contention that this Court may not address this issue because plaintiff did not make a motion at trial for a directed verdict on the issue of contributory negligence. As support for this argument, defendant cites the North Carolina Supreme Court decision *Word v. Jones*, 350 N.C. 557, 516 S.E.2d 144 (1999). There, the Court stated, "[submitting an affirmative defense to the jury] is particularly appropriate where, as here, plaintiff failed to make a motion for directed verdict at the close of evidence." *Id.* at 566, 516 S.E.2d at 149. The Court then cited the following language from *Creasman v. Savings & Loan Assoc.*, 279 N.C. 361, 183 S.E.2d 115 (1971), *cert. denied*, 405 U.S. 977, 31 L. Ed. 2d 252 (1972): "[A] 'motion for a directed verdict is . . . the only procedure by which a party can challenge the sufficiency of his adversary's evidence to go to the

jury[.]' " *Word*, 350 N.C. at 566, 516 S.E.2d at 149 (quoting *Creasman*, 279 N.C. at 366, 183 S.E.2d at 118).

Plaintiff's request that the trial judge not instruct the jury on contributory negligence was based on an argument that the evidence was insufficient to go to the jury. Accordingly, we must decline to review plaintiff's argument due to his failure to make a motion for a directed verdict. *See Word v. Jones*, 130 N.C. App. 100, 103, 502 S.E.2d 376, 378 (1998) (holding that, by failing to make a motion for a directed verdict on the affirmative defense of sudden incapacitation, plaintiff did not properly preserve the issue of the sufficiency of the defendant's evidence for appellate review), *aff'd and modified on other grounds*, 350 N.C. 557, 516 S.E.2d 144 (1999); *cf. Enns v. Zayre Corp.*, 116 N.C. App. 687, 690-91, 449 S.E.2d 478, 480 (1994) (reviewing whether the trial court erred by instructing the jury on contributory negligence where the plaintiff did not make a motion for a directed verdict on the issue, but not discussing or deciding as a matter of law the question of whether the failure to make a motion for a directed verdict rendered the issue of the sufficiency of the evidence unpreserved for appellate review), *disc. review denied and cert. denied*, 339 N.C. 737, 454 S.E.2d 649-50 (1995), *aff'd per curium*, 342 N.C. 406, 464 S.E.2d 298-99 (1995). Thus, we do not reach the substantive issue of whether the trial court erred by submitting the question of whether plaintiff was contributorily negligent to the jury. This assignment of error is dismissed.

**[2]** Plaintiff's next argument is that the trial court erred by refusing to instruct the jury on the doctrine of last clear chance. The elements of this doctrine are as follows: (1) that the plaintiff negligently placed himself in a position of helpless peril; (2) that the defendant knew or, by the exercise of reasonable care, should have discovered the plaintiff's perilous position and his incapacity to escape from it; (3) that the defendant had the time and ability to avoid the injury by the exercise of reasonable care; (4) that the defendant negligently failed to use available time and means to avoid injury to the plaintiff and (5) as a result, the plaintiff was injured. *Kenan v. Bass*, 132 N.C. App. 30, 32-33, 511 S.E.2d 6, 7-8 (1999). "Failure to submit the issue of last clear chance when supported by substantial evidence is error and requires a new trial." *Hales v. Thompson*, 111 N.C. App. 350, 356, 432 S.E.2d 388, 392-93 (1993).

Defendant's primary contention in support of the trial court's decision not to instruct the jury on last clear chance is that defendant's opportunity to avoid the collision was negated by defendant's

lack of time to see plaintiff in peril and react to it. This argument fails. In *Exum v. Boyles*, 272 N.C. 567, 158 S.E.2d 845 (1968), the North Carolina Supreme Court stated the following in reference to the doctrine of last clear chance:

> The only negligence of the defendant may have occurred after he discovered the perilous position of the plaintiff. Such "original negligence" of the defendant is sufficient to bring the doctrine of the last clear chance into play if the other elements of that doctrine are proved. Thus, in *Wanner v. Alsup, supra*, and in *Wade v. Sausage Co., supra*, the defendants were not shown to have been negligent in the operation of their vehicles except in their respective failures to turn aside from their straight lines of travel in order to avoid striking the respective plaintiffs, one a pedestrian crossing the street, the other a man lying in the highway.

*Id.* at 576-77, 158 S.E.2d at 853. Thus, the Court specifically rejected defendant's argument in the case at bar that evidence must be presented tending to show that defendant committed a second negligent act after his "original negligence" of failing to maintain a lookout in the direction of his travel. *Id.* at 577, 158 S.E.2d at 853 (noting that operators of motor vehicles owe a duty to maintain a lookout in the direction of travel to all other persons using the highway and holding that evidence showing that

> had the defendant maintained such a lookout, he could have observed [the plaintiff], stooping down beside the station wagon in the act of changing the tire, at a time when it should have been apparent to the defendant that [the plaintiff] could not save himself, but at which time the defendant could have avoided striking [the plaintiff] by merely turning slightly to his left . . . [was] sufficient to bring the doctrine of the last clear chance into operation).

A review of the record in the instant case indicates that sufficient evidence was presented to support an instruction on this doctrine. Defendant's theory at trial of plaintiff's contributory negligence was that plaintiff failed to keep a proper lookout and was traveling too quickly to safely avoid a collision. Evidence presented in support of this theory tended to show that plaintiff was traveling fifteen miles above the speed limit, his view of the road ahead was unobstructed, the road was straight, plaintiff did not swerve to avoid defendant's vehicle and plaintiff did not see defendant's vehicle until it was too

late to avoid the collision. Viewed in the light most favorable to plaintiff, this evidence supports a reasonable inference that plaintiff, by the exercise of reasonable care, could not have escaped the position of peril in which he negligently placed himself.

Regarding the second element, "a motorist upon the highway does owe a duty to all other persons using the highway . . . to maintain a lookout in the direction in which the motorist is traveling." *Id.* at 576, 158 S.E.2d at 852-53. Thus, the jury could have inferred that if defendant had been keeping a proper lookout, as was his duty with the exercise of reasonable care, defendant should have seen plaintiff before backing into the road and should have waited for plaintiff to pass before suddenly blocking his path.

The remaining elements of the last clear chance doctrine are also supported by the evidence. Defendant testified that he had an unobstructed view of and was familiar with the road on which plaintiff was traveling when defendant backed out. Moreover, defendant does not argue that he would have been unable to wait for plaintiff to pass had he seen plaintiff. This evidence would support an inference that defendant had the time and means to avoid the collision by simply keeping a proper lookout and waiting to back out until plaintiff had passed. Accordingly, the jury could have inferred that defendant, having the duty to keep a proper lookout, negligently failed to keep that lookout, thus causing the collision and plaintiff's injuries. Therefore, the issue of last clear chance should have been submitted to the jury and plaintiff is entitled to a new trial based on this assignment of error. *See Hales*, 111 N.C. App. at 356-57, 432 S.E.2d at 392-93 (granting a new trial because the trial court erred by failing to instruct the jury on last clear chance where the evidence supported "a reasonable inference that [the] defendant had the time and means, by staying in his own lane of travel, to avoid the accident . . . [and that the] defendant's failure to stay in his own lane was a failure to use every reasonable means to avoid the injury [to the plaintiff]"). Accordingly, we need not address plaintiff's remaining assignments of error.

Reversed.

Judges WYNN and HUNTER concur.